I. J. PECKINPAUGH V. CHAS. F. LAMB, *Administrator.*
**No. 13,960.** ( 79 Pac. 673.)

### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Verdict Properly Directed by Court.*
It is not error for a trial court to instruct the jury to re-
turn a verdict for the defendant where the action is founded
upon a specific agreement, and the evidence of plaintiff conclu-
sively shows that the performance of the conditions of the
agreement pleaded had, by consent of both parties, been
waived, and, in lieu thereof, another and different agreement
had been made.

Error from Franklin district court; CHARLES A.
SMART, judge.   Opinion filed February 11, 1905.
Affirmed.

*Deford & Deford*, for plaintiff in error.

*William H. Clark*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff sued on a contract to re-
cover a commission for selling real estate belonging to
the defendant.   At the conclusion of his evidence the
court instructed the jury to find for the defendant.
Upon a verdict thus returned judgment was rendered,
and plaintiff prosecutes error.

The giving of this instruction is the only error of
which complaint is made.   The evidence introduced
tended to show that plaintiff had a cause of action
against the defendant growing out of the sale of de-
fendant's real estate, but it was not the cause of action
pleaded.   Presumably it was upon this theory that
the court instructed the jury.

It appears that plaintiff was a real-estate broker,
and that defendant placed his farm with him for sale
and agreed to pay him two and one-half per cent.

commission in case of a sale; that plaintiff found a purchaser who was ready and willing to buy; that he brought the purchaser and defendant together and they came to an agreement. Pending negotiations, however, the defendant refused to accept the offer made unless the purchaser would agree to pay plaintiff his commission. After some further negotiations between the parties the purchaser agreed that if the trade should be consummated he would pay the plaintiff the commission. The terms of the sale were reduced to writing and signed by both parties. Nothing, however, appears in this agreement concerning the commission. The defendant thereafter refused to execute a deed, and gave as his reason that his wife would not sign it. The plaintiff was thereby deprived of the compensation he had earned. It would thus appear that the plaintiff's right of action was not on his original contract for commission upon which he sued, but for a violation of this tripartite agreement. The plaintiff failed to sustain the cause of action pleaded, and therefore the instruction was correct.

The judgment is affirmed.

All the Justices concurring.