## EMPIRE PIPELINE CO. v. DOWDY.

No. 26733.    Sept. 8, 1936.

James W. Finley, Hayes McCoy, and Charles C. Julien, for plaintiff in error.

Johnson & Jones, for defendant in error.

OSBORN, V. C. J. F. W. Dowdy, as plaintiff, sued the Empire Pipeline Company, as defendant, in the Bristow division of the superior court of Creek county for damages caused by the pollution of a pond which constituted plaintiff's source of water supply for his live stock. The cause was tried to a jury and a verdict rendered in favor of the plaintiff. From a judgment thereon, defendant has appealed. The parties will be referred to as they appeared in the trial court.

The allegations of plaintiff's petition are that he is the owner of certain lands located in section 25, township 15 north, range 8 east, in Creek county, Okla.; that defendant is the owner of a pipe line used for the transportation of crude oil; that said pipe line traverses land adjacent to plaintiff's land and at one point is approximately 100 feet distant from plaintiff's pond; that defendant allowed crude oil to escape from its pipe line and to flow into plaintiff's pasture and into his pond; that his stock drank the polluted water from the pond, and 15 head of his dairy cattle and one mare died and other live stock were damaged and depreciated in value; that he was forced to abandon his pond for stock watering purposes and was forced to drive his stock to water a distance of about three-quarters of a mile. Defendant filed a general denial.

On appeal it is urged that the verdict of the jury is not sustained by sufficient evidence, is contrary to and in disregard of the court's instructions, and that the damages awarded by the jury were so excessive that they appear to have been given under the influence of passion or prejudice.

The evidence upon the determinative issues of fact was highly conflicting, but was submitted to the jury under instructions to which no objections were made nor exceptions taken. An examination of the entire record discloses that the findings of the jury on the issues of fact are sustained by competent evidence. This court will not weigh conflicting evidence to determine where the preponderance thereof lies, and will not substitute its judgment for that of the jury.

During the course of the trial one of the elements of damage was abandoned by agreement of counsel. After eliminating this item the jury was instructed that the maximum amount of recovery under the allegations of the pleadings was $1,445. The maximum recovery which would be justified by the evidence offered by plaintiff was $1,377. The verdict of the jury was for $1,200.

The amount of the verdict, in view of the evidence adduced, does not show that the jury was actuated by passion, partiality, prejudice, or corruption.

Defendant contends that the trial court erred in refusing to allow the jury to inspect the premises, that is, the pond which plaintiff claims was polluted and the pipe line causing said pollution. The case was tried June 19, 1935. Plaintiff claims that the damage occurred for the most part in January and February, 1932, or more than three years prior to the time of the trial. The evidence also shows that the pond in question was drained soon after plaintiff's cattle were injured and that there had been no pond at that location after that time. Under the provisions of section 361, O. S. 1931, an order directing a view by the trial jury of the property, the subject of the action, or the place where a material fact occurred, is discretionary with the trial court, and its rulings thereon will not be reversed on appeal in the absence of a showing of abuse of discretion. Robinson Oil Corp. v. Davis, 171 Okla. 557, 43 P. (2d) 754. In view of the probability that there had been substantial change in the condition of the locus, the trial court did not abuse its discretion in refusing to permit the jury to view the premises.

Other propositions are presented and argued in the briefs. These have been examined and are without substantial merit. There is no reversible error in the record.

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and PHELPS, JJ., concur.