### GUARANTY STATE BANK OF TEXOLA v. RUTLEDGE et al.

No. 25899.   Jan. 26, 1937.

Minton & Minton and Melrose Minton for plaintiff in error.

E. H. Gipson, for defendants in error.

PER CURIAM. The plaintiff in the lower court, plaintiff in error herein, instituted this action on a promissory note signed by the defendants, A. J. Rutledge and Mrs. Henry Graves. Service of summons was never had on the defendant Rutledge. Mrs. Graves was regularly served and filed in the cause her answer, wherein she alleged that she w : the widow of Henry Graves,

who died in August, 1928. She stated that prior to his death, he had done considerable banking business with the plaintiff bank. In November, 1929, she alleged that she was induced to sign a promissory note, payable to the bank, in conjunction with defendant Rutledge, upon statements made to her by Rutledge and by one Tom Higgins, cashier of the plaintiff bank; that the note represented a refinancing of several obligations upon which her late husband, Henry Graves, was liable to the bank. Mrs. Graves further alleged that by reason of these representations, she signed the note, but that in fact the representations were false and were known to be false by the defendant Rutledge and by Tom Higgins, the cashier. The defendant alleged that the note which she signed in November, 1929, was renewed by the execution of a new note in November, 1930. This note was in turn renewed by the note which is the subject of this action, dated October 1, 1931, due October 1, 1932. The defendant further pleaded that she did not discover the alleged fraud and misrepresentations until after the execution of the note dated October 1, 1931.

Upon the trial in the lower court, the jury returned a verdict for the defendant. Judgment was rendered thereon, plaintiff's motion for new trial was overruled, and plaintiff brings error here, based on three specifications:

(1) That the verdict of the jury was not sustained by sufficient evidence, and was contrary to law.

(2) That the court erred in overruling plaintiff's demurrer to the evidence of defendant and refusing to give an instructed verdict in favor of the plaintiff.

(3) That the court erred in overruling plaintiff's motion for a new trial.

We have carefully reviewed the conflicting testimony presented to the jury. The defendant, by her testimony and by the testimony of W. L. Rutledge and M. T. Rutledge, introduced ample evidence which, if believed by the jury, would support a verdict for the defendant. The plaintiff's evidence, consisting largely of the testimony of Tom Higgins, the cashier, is much less persuasive. The plaintiff attempted to demonstrate that the promissory note signed in November, 1929, by Mrs. Henry Graves, was based on two or more notes signed by Henry Graves before his death, which occurred in August, 1928. The evidence concerning the existence and nature of these notes is very unsatisfactory, while the evidence in support of defendant's contention that the note of November 1, 1929,

was unsupported by obligations signed by Henry Graves in his lifetime, is fairly strong.

In so far as the first assignment of error is concerned, it need only be said that there is ample evidence to support a verdict of the jury. In a law action, when there is competent evidence reasonably tending to support a jury's verdict and no prejudicial errors are shown in instructions or rulings upon law questions, the jury's verdict and findings are conclusive.

In so far as the second assignment of error is concerned, this court has, in numerous cases, held that if there is any competent evidence in the record which would reasonably support a verdict in favor of a party against whom a motion for a directed verdict is leveled, it is not error to overrule this motion for direction. T. M. Dover Mercantile Co. v. Gates, 136 Okla. 197, 277 P. 231.

The judgment of the trial court is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys Joseph L. Seger, Ray S. Fellows, and Max G. Cohen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Seger and approved by Mr. Fellows and Mr. Cohen, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.