## NATIONAL BENEVOLENT SOCIETY v. RUSSELL.

No. 27313. July 6, 1937.

Rehearing Denied Sept. 21, 1937.

Pruett & Wamsley, for plaintiff in error.

Sam L. Wilhite, for defendant in error.

CORN, J. This is an appeal from a judgment rendered for the plaintiff, Jennie M. Russell, who sued to recover on a policy of life insurance issued by the defendant to Dorothy O. Danner, in which the plaintiff was named as beneficiary. Reference to the parties will be as in the court below.

The defendant, a Missouri corporation, selling fraternal insurance, issued to Dorothy O. Danner a policy of life insurance in the amount of $500. Some two months later she died. Proof of death was made, and upon refusal to pay the plaintiff brought suit. An amended petition was filed and the defendant filed an amended answer, pleading therein that the insured executed a written application for membership in the society, which contained, among other provisions, one providing that the by-laws governed disposition of policy benefits. The policy also provided that if an insured die within three years from the issuance, of any chronic or epidemic disease, only one-tenth of the face value of the certificate was payable in full settlement.

The answer pleaded that the deceased died of a chronic disease known as hydrocephalus, and that the plaintiff was for this reason precluded from recovering more than one-tenth, which was tendered into court. The case was previously before this court in National Benevolent Society v. Russell, 173 Okla. 331, 48 P. (2d) 1047, where judgment for the plaintiff was reversed because the

case was taken from the jury and judgment rendered by the court.

This appeal is based upon three specifications of error which the defendant presents under one proposition: That the verdict and judgment rendered thereon were contrary to the evidence and not supported by sufficient competent evidence.

The defendant produced its testimony first, which consisted of that of the funeral director who sent the death certificate to the defendant. On this death certificate, signed by Dr. R. W. Williams, the cause of death was stated to be "hydrocephalus—Origin and cause unknown—Child developed violent other contributory causes of importance headache and then meningeal symptoms." The defendant then introduced a certified copy of the death certificate from the Bureau of Vital Statistics, stating that the principal cause of death was of hydrocephalic origin. Defendant further based its case upon the testimony of Dr. W. W. Kerley, who testified that shortly before death of the insured, he was called in on the case by Dr. Williams for consultation, and that in his opinion her condition was chronic. The defendant then rested, contending that it had been shown that the primary cause of death was- a chronic ailment.

Upon cross-examination Dr. Kerley admitted that he knew nothing of the insured except from the history of the case, and that he and Dr. Williams had found the deceased suffering from meningeal trouble, the cause of which they did not know.

Dr. Williams' testimony was that the deceased had some meningeal trouble, and that this would not necessarily have been brought about by the hydrocephalic condition. Inasmuch as both physicians testified as to the meningeal condition, it seems clear that there was a separate and distinct illness of a cause unknown to the physicians, and an illness which might very easily have been of a fatal nature.

It was shown that the deceased suffered from hydrocephalus. However, the defendant failed to definitely establish that this was the direct or indirect cause of death, since the cause of the meningeal infection was not explained. Therefore, it was properly left to the jury's determination as to the cause of her death, it being the province of the jury to decide disputed matters material to a proper decision.

The only question raised on this appeal is whether there was sufficient conflict in the evidence, as to the reason for Dorothy O. Danner's death, to send the case to the jury.

It is a rule, often declared by this court in the past, that where there is a conflict in the evidence, and the trial court gives the case to the jury, the finding of the jury will not be disturbed on appeal. Such was the rule announced in the case of Freed Furniture Co. v. Criterion Advertising Co., Inc., 171 Okla. 92, 42 P. (2d) 123, following a long line of earlier decisions of this court, to the same effect.

The record discloses that there was a conflict in the evidence as to the cause of the insured's death, and for this reason we hold that the trial court was correct in refusing to direct a verdict at the close of the defendant's evidence, as requested by the defendant, and that there was sufficient evidence to sustain the jury's verdict.

Judgment affirmed.

OSBORN, C. J., and RILEY, BUSBY, WELCH, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and PHELPS, J., absent.