## SELDON CONSTRUCTION CO. v. DOWELL et al.

No. 29433.   April 30, 1940.

Rehearing Denied May 21, 1940.

*102 P. 2d 599.*

Mills & Cohen, of Tulsa, for plaintiff in error.

Frank Leslie, of Tulsa, for defendants in error.

CORN, J. This action was commenced by the plaintiff in error, Seldon Construction Company, plaintiff below, to foreclose a materialman's lien upon a claim in the sum of $3,749.34 against a house and lot owned by the defendant Nell M. Dowell, in the town of Red Fork, in Tulsa county.

Stephenson - Browne Lumber Company intervened and asked judgment for $1,092.65 and attorney's fees and costs, and Ellison Plumbing & Heating Company also intervened, asking judgment in the sum of $515 and attorney's fees and costs.

The contract sued upon was admittedly an oral contract, and was for the removal and repair of one house and for the repair of another, the plaintiff alleging the agreement was that the owner should pay the actual cost thereof plus 10 per cent. for supervision, while the defendant Nell M. Dowell in her answer alleged that the construction company estimated the cost at $1,800, and agreed that it should not exceed the sum of $2,000.

The cause was tried to the jury, which found by its verdict that the contract price agreed upon was $2,000, and awarded Stephenson - Browne Lumber Company a verdict in the sum of $1,092.73, Ellison Plumbing & Heating Company the sum of $450, and the plaintiff, Seldon Construction Company $457.27, the balance of the contract price. The latter alone appealed from the judgment upon said verdict.

The plaintiff in support of its claim under the alleged cost plus contract submitted proof of the various items of material furnished and labor performed, the jury viewed the premises so improved, and the court fairly instructed the jury as to the plaintiff's theory of the case based upon the pleadings and the evidence. The defendant Nell M. Dowell testified in support of her answer that the plaintiff estimated the cost of the improvements at $1,823 and agreed that the entire cost including the 10 per cent. supervisory charge should in no event exceed $2,000, and a proper instruction was given upon her theory of the case. We find no substantial error in the instructions.

As evidence of what the agreement was between the parties, the defendant Nell M. Dowell introduced in evidence an estimate made in writing by Manly M. Moore, a member of the Seldon Construction Company firm, to be submitted to a finance company with application for a loan to finance the improvements, the total of said estimate being $1,823.

It is evident from the record that the plaintiff exceeded the estimate considerably in expenditures on these two jobs, but did so without authorization by supplemental agreement with the owner of the property. Or it might be more fitting to say that plaintiff underestimated the cost of the improvements mentioned in the estimate and contemplated in the contract. Contractors called as witnesses estimated the value of the improvements at various sums from $2,250 to $3,150. It also appears from the record that the owner paid plaintiff the sum of $751 for repairs on one of the houses in order to clear the title thereto. This would bring the cost of the improvements on the properties up to $2,751, including the verdict and judgment of $2,000.

The issues in this case presented a question of fact for the jury, which was submitted to the jury under proper instructions of the court, and, as we view the record, the verdict is reasonably supported by the evidence, and should not be disturbed.

This court has consistently adhered to the rule that where there is testimony reasonably tending to support the verdict, this court will not substitute its judgment for that of the jury, and the determination of questions of fact will not be disturbed on appeal. Wetzel v. Rixse, 93 Okla. 216, 220 P. 607; Sand Springs R. Co. v. Smith, 84 Okla. 211, 203 P. 207; Garrison Coal Co. v. Semple, 82 Okla. 60, 198 P. 497.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.