## MALERNEE OIL CO. v. KERNS.

No. 28994.   May 14, 1940.

*102 P. 2d 836.*

Brown & Cund, of Duncan, for plaintiff in error.

Sullivan & Marmaduke, of Duncan, for defendant in error.

WELCH, V. C. J.   The record facts are that the defendant, Malernee Oil Company, had an oil and gas lease upon certain premises and had erected an oil derrick with guy wires running from the derrick to what is termed a "dead man" or a buried anchor, the guy wire was at

about a 45-degree angle from the ground up to the top part of the derrick, and the company had constructed a slush pit which was near the end of one of the guy wires connecting to the "dead man." Sometime after said company had moved on this location, the plaintiff obtained a real estate lease and moved upon the tract upon which the well was located.

One evening the horse of plaintiff was found dead near the slush pit. The guy wire was half hitched around one of the legs of the horse, and the horse's head was lying in the slush pit with water up over his nostrils. No witness observed how this occurred. The evidence also showed that when the horse was removed the guy wire was loose and saggy, and the jack which was on the wire for the purpose of keeping it tight was on the ground and off of the wire. The testimony of the plaintiff reveals the guy wire was loose and saggy before the accident occurred; that he had notified the agent of defendant thereof, but no action had been taken to tighten the wire.

The cause was tried and submitted to a jury on the above facts; a verdict was rendered in favor of plaintiff and judgment rendered accordingly.

It is from this judgment defendant appeals, and contends that the trial court committed error when it overruled defendant's demurrer to the evidence and when it overruled defendant's motion for a directed verdict.

In determining the question of negligence, each case must of necessity be considered upon its own peculiar facts and circumstances.

The defendant contends that the court must determine as a question of law whether there is any competent evidence of primary negligence, in an action for damages, and we have so held. Chicago, R. I. & P. Ry. Co. v. Larmon, 172 Okla. 461, 45 P. 2d 76. But it is equally true that where there is competent evidence, the ultimate question is for the jury. In Johnson Oil Refining Co. v. Elledge, 171 Okla. 398, 42 P. 2d 840, we held that:

"If there is any evidence which reasonably tends to prove, either directly or indirectly, or by permissive inference, the essential facts, the verdict of the jury must stand."

To the same general effect see Mainard v. Fowler, 171 Okla. 582, 42 P. 2d 878, and Johnson Oil Refining Co. v. Elledge, 175 Okla. 496, 53 P. 2d 543.

It is defendant's contention that as mineral lessee it had the complete right to the use of all that part of the leased premises which were reasonably necessary in the prudent operation of its oil producing enterprise, and we have so held. Magnolia Petroleum Co. v. Howard, 182 Okla. 101, 77 P. 2d 18, and Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389. However, if the plaintiff's horse be treated as a trespasser, the defendant should not willfully or wantonly injure it, and the defendant might be liable if he negligently maintained his machinery and guy wires in a dangerous condition so as to constitute a trap for trespassing animals. 1 R. C. L. 1134 and 1135.

It was plaintiff's theory that the defendant did so negligently maintain this guy wire even after notice of the dangerous and loose and sagging condition thereof. It is evident from the record and the verdict that the jury adopted and followed this theory and found that such dangerous condition was negligently maintained by defendant and caused the death of plaintiff's horse, as the plaintiff contended.

We cannr say that this conclusion was reached by the jury without any competent evidence, in view of the decisions and rules above referred to. The trial court judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur. DAVISON, J., dissents. CORN and GIBSON, JJ., absent.