## WRAY et al. v. FERRIS, Adm'r.

No. 29466.   June 18, 1940.

*103 P. 2d 942.*

Sam L. Wilhite, of Anadarko, for plaintiffs in error Otto Wray and Emmitt Meeks.

James C. Cheek, of Oklahoma City, for plaintiff in error Employers Casualty Company.

Fred E. Suits and Grady Lewis, both of Oklahoma City, and Roy Steele, of Altus, for defendant in error.

HURST, J.  This is an action by Weldon Ferris, as administrator of the estate of Warren A. Ferris, deceased, to recover damages for the wrongful death of Warren A. Ferris.  The defendant Wray is the operator of a motor freight line, defendant Employers Casualty Company is his liability insurance carrier, and de-

fendant Meeks is an employee of Wray and was the driver of a truck belonging to Wray which was involved in the collision in which Warren A. Ferris was fatally injured. The trial court overruled demurrers to the evidence and motions for an instructed verdict requested by defendants, and submitted the case to the jury. From a judgment on the verdict in favor of plaintiff, defendants appeal.

Defendants present six grounds for reversal, the first five of which are directed at errors alleged to have occurred during the trial, and the sixth raising the question of venue. As the first five require consideration of the evidence, we will first dispose of the sixth contention.

1. Defendants assert that as the defendants Meeks and Wray are residents of Caddo county, and were served with summons therein, the fact that Employers Casualty Company was a foreign corporation, which under the law could be sued in the county in which the plaintiff resided, which was Jackson county, did not make them liable to suit in such county. This contention was urged by these same defendants in Wray v. Garrett, 185 Okla. 138, 90 P. 2d 1050, which case grew out of the same collision, and was rejected by this court. We have reexamined the question, and reaffirm the holding therein that the action is maintainable in Jackson county.

2. The first and second contentions of defendants urge error in the overruling of the demurrers to the evidence and motions for instructed verdicts. They necessitate a brief review of the evidence. Therefrom it appears undisputed that the accident occurred at about 9:30 on the morning of January 14, 1937, on a one-way bridge on the paved highway about eleven miles east of Lawton. Deceased and one Garrett were riding in a coupe, proceeding east from Lawton. A heavily loaded trailer truck belonging to defendant Wray, and driven by defendant Meeks, was proceeding west on the highway and the two vehicles collided on the narrow bridge. The bridge was 158 feet long and the collision occurred at a point some 40 feet west of the east end of the bridge. Both occupants of the coupe were fatally injured. The highway at this point was straight for a considerable distance, almost level east of the bridge, and ascending a hill west of the bridge. On each side of the bridge was a large sign warning that the bridge was too narrow to allow the passing of vehicles thereon. Beyond these facts, the evidence is conflicting. Meeks, the driver of the truck, was the only eyewitness to the accident, although several other witnesses, who were in a car traveling in the same direction as the truck and behind it, came upon the scene shortly thereafter.

The argument that the demurrers to the evidence and the motions for directed verdict should have been sustained is largely predicated upon certain evidence which defendants contend, when taking into consideration the distance of the respective vehicles from the bridge and the estimated speed at which the truck was traveling as it approached the bridge, conclusively establishes that the coupe in which decedent was riding was being driven at a high speed and entered the bridge after the truck had been driven thereon. But a part of this evidence, as regards the speed of the truck when it reached the bridge, and the location or relative positions of the truck and coupe when the latter was first observed by the witnesses, was only an estimate, and the jury was not bound to accept it as correct, but could consider it along with the physical facts, such as the location and condition of the coupe and truck after the accident, the testimony as to skid marks on the highway and bridge, and other competent and relevant circumstantial evidence. Further, after the demurrers were overruled, defendants produced evidence tending to contradict some of this evidence, and therefore the case must be considered on all the evidence. Mohrman v. Paxton, 172 Okla. 389, 44 P. 2d 926.

This brings us to the question of whether the motions for directed verdict were properly denied. In determin-

ing the question we must consider the evidence tending to support the verdict, and all inferences reasonably to be drawn therefrom, rejecting all evidence offered by the adverse party in conflict therewith. Tull v. Milligan, 173 Okla. 131, 48 P. 2d 835. The jury, in arriving at a verdict, were not bound to accept as true the evidence of any witness, but could reject all or any part thereof, and give such weight thereto as in their judgment, taking into consideration the circumstances and physical facts, it was entitled to receive, and from the evidence as a whole arrive at their verdict. The evidence is voluminous, and photographs, diagrams, and demonstrations with toy automobiles and dolls were used to assist the jury to obtain a complete picture of the situation of the various physical factors involved. Without analyzing the evidence in detail, we think the verdict is supported thereby, and that the motions for directed verdict were properly overruled.

3. The third contention of defendants, that the trial court should have declared a mistrial because of misconduct on the part of plaintiff, is predicated upon an answer made by plaintiff to a question asked him by defendant's counsel on cross-examination. The question sought to elicit information as to what property the deceased owned at the time of his death, and the witness, in response, stated that "if you want me to give you an inventory of the property, I would like to compare that with the assets of your client." Defendants immediately moved for a mistrial, which the court denied, but ordered the answer stricken. While, in the abstract, the answer of the witness was irrelevant, and therefore improper, the question itself was improper, as hereafter shown, and in a way, as contended by plaintiff, the error, if any, was invited by defendants. But we think it did not warrant the granting of a mistrial. It contained no statement of fact, and was not evidence of the possession or ownership of any property by defendants. It is not contended that the verdict was excessive, or influenced by passion or prejudice on the part of the

jury. The answer was not necessarily prejudicial. Fixico v. Harmon, 180 Okla. 412, 70 P. 2d 114.

4. In their fourth and fifth contentions, defendants assert that the trial court erred in excluding competent evidence offered by them, and in admitting incompetent evidence offered by plaintiffs. The competent evidence which they contend was excluded was an inventory and appraisement of the property of deceased, made in the course of the administration of his estate. The general rule is that the extent of the loss to the beneficiaries may not be measured, in an action for wrongful death, by the wealth or poverty of the decedent, but that evidence of financial condition may be admissible in some instances on the question of earning capacity and probable accumulation of property. 16 Am. Jur. 143. But it is not competent to prove the amount of property owned by deceased at his death for the purpose of reducing the amount of recovery therefor. Missouri, K. & T. Ry. Co. v. Janes, 61 Okla. 1, 159 P. 1109; Rochester v. Seattle R. & S. Ry. Co., 75 Wash. 559, 135 P. 209; McLaughlin v. United Railroads, 169 Cal. 494, 147 P. 149; 16 Am. Jur. 152. It is evident that the rejected evidence was offered on the latter theory, and it was properly excluded.

The incompetent evidence alleged to have been admitted related to the physical condition of the chest of Garrett, the driver of the coupe in which deceased was riding. The plaintiff contended, and produced some evidence to show, that the truck moved forward several feet after the collision, while the defendant Meeks denied that it moved forward at all, or at most not more than two feet. Garrett was thrown out of the coupe by the force of the collision, and evidence of the crushed condition of his chest was offered by plaintiff, together with evidence of the position of his body immediately after the collision, to show that the truck had moved forward sufficiently to run over his body and crush his chest. We think that, under the circumstances, the evidence was of some

probative value, as it tended to prove one of the facts in controversy. 10 R. C. L. 927. Furthermore, as before stated, it is not contended that the verdict is excessive.

Affirmed.

BAYLESS, C. J., and OSBORN, DAVISON, and DANNER, JJ., concur.