WALKER v. OKLAHOMA NATURAL GAS CO. et al.

No. 29551. Nov. 19, 1940.

Rehearing Denied Dec. 10, 1940.

*107 P. 2d 997.*

Ram Morrison, of Oklahoma City, for plaintiff in error.

Ames, Cochran, Monnet, Hayes & Ames, of Oklahoma City, for defendants in error.

DAVISON, J. This action originated in the district court of Oklahoma county when plaintiff, Kathrine Walker, brought suit against defendants, Oklahoma Natural Gas Company and S. S. Barrett, administrator of the estate of Marvin Lowell McGehee, to recover damages for personal injuries sustained by her in a collision between an automobile belonging to the defendant company and operated by McGehee, its employee, and a truck in which plaintiff was riding as a passenger. The answer of defendants pleaded a general denial, assumption of risk, and contributory negligence. From a verdict and judgment for defendants, plaintiff appeals.

The sole contention on appeal is that the verdict of the jury was arbitrary, and wholly unsupported by the evidence. We must therefore briefly review the evidence.

It is admitted that McGehee was looking after business interests of his employer when the collision occurred. Accompanied by his wife, he was driving on highway No. 270, a paved road, in a northwesterly direction about one and one-half miles southeast of McLoud, and the truck in which plaintiff was a passenger was proceeding in a southeasterly direction. The highway at and near the point of the collision was straight and narrow. The circumstances immediately preceding the collision were testified to by three witnesses, namely, McKee, the driver of the truck; Hudson, another motorist traveling the same highway; and the plaintiff. Both McGehee and his wife were killed in the collision.

The witness S. B. Hudson testified that he was coming toward Oklahoma City and the truck in which plaintiff was riding was going the opposite direction toward Shawnee; that immediately before the accident the defendants' coupe, traveling in the same direction as the witness, passed him and then pulled back over on the right-hand side of the road; that the coupe was traveling approximately 55 or 65 miles per hour; that the collision occurred about 600 yards beyond the point where the coupe passed the witness; that the accident occurred about the center of the highway; that both the truck and the coupe appeared to be on their proper side of the road immediately prior to the collision, and both were traveling near the center of the highway; that he did not see the coupe weave or run across the center line of the highway, but that it was raining and the visibility was poor. He did not see the actual collision, but testified that when he arrived at the scene the truck was on its side of the highway facing toward the east with its rear end down in the ditch and its front wheels on the pavement, and the passenger car was facing westerly, with its front wheels off the west side of the pavement and under the truck body back of the cab.

McKee, the driver of the truck, testified that he was driving on his own side of the highway; that the McGehee coupe was weaving back and forth across the center of the highway; that the car swerved over on his (McKee's) side of the highway, and he pulled the truck over to his right until his right wheels were a foot or more clear of the pavement; that the car swerved back on its own side of the road and he thought it would miss his truck, but it came back again; that the car struck the left front fender, running board and door of his truck. A photograph of the truck introduced in evidence by defendants showed the front end to be uninjured, but the left door and left front fender were shown to have been damaged. The photograph also disclosed that the body of the truck was enlarged so as to be wider than its cab. The witness further testified that he was a careful driver and that this was his first accident. He described the manner in which the coupe was weaving and wobbling in coming toward him. Witness also testified that he had filed suit against defendant; that plaintiff got in his truck at a filling station in Oklahoma City and was going to ride with him as far as Shawnee.

On cross-examination the witness Hudson stated that when the highway patrol was questioning McKee soon after the collision with reference to how the accident occurred, just after he (McKee) returned from the doctor's office where he had his injuries treated, he told them "he didn't know for sure exactly how it happened."

Plaintiff testified that the truck was traveling 30 or 35 miles per hour as the car approached it, and that McKee pulled over until his right wheels were off the pavement; that the car was weaving across the center of the highway as though it was out of control. She testified that she was a waitress by trade, married, and 27 years old at the time of the collision. Her testimony as to how the accident occurred corroborated that of McKee. She testified that prior to her injury she had an earning capacity of from $75 to $125 per month, and that up to the date of the trial, some eight months after she was injured, she had been unable to work. Her credibility was attacked by the testimony of two cafe owners who denied her statement that she had worked for them, and on cross-examination she reluctantly admitted pleading guilty to a felony charge and receiving a suspended sentence at some time before the trial of the present case.

In some material particulars as above described, the testimony of Hudson is in conflict with that of McKee and plaintiff. The jury was denied the privilege of hearing the testimony of McGehee and his wife because the collision resulted in sealing their lips by death.

The jury was the exclusive judge of the facts, the weight to be given the evidence, and the credibility of the witnesses. It had the right to take into consideration the interest, the demeanor, candor, fairness, and credibility of each witness.

The trial court approved the verdict of the jury when it overruled plaintiff's motion for a new trial.

For many years this court has followed the rule, without exception, that "if there is any competent testimony reasonably tending to support the verdict of the jury, and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal." Wells v. Mayer, 185 Okla. 355, 91 P. 2d 784; National Benevolent Society v. Russell, 180 Okla. 494, 71 P. 2d 631; Empire Pipeline Co. v. Dowdy, 177 Okla. 386, 60 P. 2d 757. The foregoing cases, and many others, are also authority for the following rule of law:

"Where there is any competent testimony to establish a conflict (in the evidence) the matter is properly left for the consideration of the jury, and the jury's verdict will not be disturbed by this court."

In view of the record before us, and the rules governing the issues presented herein, the jury acted within its province in returning a verdict for the defendants.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, and NEFF, JJ., concur. HURST, J., dissents. CORN, J., absent.