PARKS et ux. v. BUTLER.

No. 30587. Oct. 6, 1942.

*129 P. 2d 836.*

Kerr, Lambert & Conn, of Ada, for plaintiffs in error.

Robert Wimbish and Robert J. Wimbish, both of Ada, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, to have a contract declared to be a real estate mortgage and foreclosed as such and to obtain a money judgment for the sum secured by said mortgage.

The essential facts are not in dispute. Defendants had mortgaged the land here involved to the Clement Mortgage Company, and this mortgage had been foreclosed and the land was being advertised for sale by the sheriff. The defendants desired to retain possession of the property and to this end sought out the plaintiff and induced him to come to their aid. As a result of negotiations had, the parties, on August 30, 1937, entered into a written contract whereby plaintiff agreed to purchase the land at the sheriff's sale and to permit the defendants to remain in possession thereof and to reconvey the same less an undivided interest in the minerals under the 30 acres thereof to the defendants upon repayment by them of the sum of $2,295, together with interest thereon at 6 per cent per annum from the date of the contract and all ad valorem taxes which plaintiff in the meantime should pay on said land. The contract provided that failure of defendants to pay interest for a year would release the plaintiff of the necessity of making a reconveyance of the land. The contract omitted to specify a date on which repayment of the principal sum advanced by the plaintiff would be due. The defendants paid the interest as provided in the contract, but refused and neglected to pay any part of the sum which plaintiff had expended in purchasing the land at sheriff's sale. The plaintiff made no attempt to record the contract. Plaintiff commenced this action on September 21, 1940, and in his petition alleged the execution of the contract and that repayment thereunder was to be made on or before August 30, 1940, and that by failure of defendants to make such repayment the contract had been breached, and prayed that the same be declared to be a real estate mortgage and foreclosed as such and that plaintiff have money judgment against the defendants for the amount expended by him together with interest thereon at 6 per cent per annum from August 30, 1940. In their answer the defendants admitted the execution and delivery of the contract, but denied that it had been breached, and alleged on the contrary that, since the contract contained no date on which repayment was to be made, therefore the obligation was not due and hence the action should be dismissed as having been prematurely brought. The plaintiff in reply alleged that, while the contract did not specify a date on which repayment was to be made, the parties had agreed that the same was to be within three years from the date of the contract and that the defendants had subsequently in writing admitted that such was the fact. Motion of defendants to strike portions of said reply as constituting a departure was overruled. The cause was then tried to the court as one of equitable cognizance. The plaintiff relied upon the admission made by the defendants in their answer relative to the execution and delivery of the contract and did not introduce it in evidence. The defendants called the attention of the court to the fact that the plaintiff had failed to offer any proof that the tax imposed upon the real estate mortgage in suit had been paid and challenged the jurisdiction of the court to render judgment in favor of plaintiff for the foreclosure of such mortgage until such proof had been furnished. The court overruled the objections and exceptions of the defendants and found in favor of the plaintiff, specifically finding that the contract should be declared to be a real estate mortgage and foreclosed as such. The court thereupon rendered

judgment in favor of the plaintiff for the amount expended by him in the purchase of the property together with interest thereon at 6 per cent per annum from August 30, 1940, and ordered the premises sold without appraisement. Motion for new trial, in which the failure of the plaintiff to make proof of payment of the mortgage tax was again presented, was heard and overruled. The court, after judgment in favor of the plaintiff and foreclosure of the mortgage had been rendered, rendered a supplemental judgment in favor of the plaintiff for the amount of the ad valorem taxes which he had paid on the land during the years in which he had held title thereto. The defendants have perfected this appeal.

As grounds for the reversal of the judgment below, the defendants assign 15 specifications of error which they present and discuss under three propositions.

The first proposition advanced, which is, in substance, that the court had no jurisdiction to render a judgment foreclosing the mortgage until plaintiff had produced proof that the tax imposed by law upon the mortgage had been paid, is decisive of this appeal.

68 O. S. 1941 § 1178, reads as follows:

"No mortgage of real property shall be recorded by any register of deeds unless there shall be paid the tax imposed by and as in this article provided. No mortgage of real property which is subject to the taxes imposed by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded unless the taxes imposed thereon by this article shall have been paid as provided in this article. No judgment or final order in any action or proceeding shall be made for the foreclosure or enforcement of any mortgage which is subject to the taxes imposed by this article or of any debt or obligation secured by or which secures any such mortgage unless the taxes imposed by this article shall have been paid as provided in this article."

As said in Greenwood v. Price, 166 Okla. 292, 27 P. 2d 822:

"By this section three things are forbidden to be done until the tax is paid, to wit: (1) Record: (2) admission in evidence; and (3) judgment rendered thereon. This statute is plain, certain and unambiguous.

"Section 12351, O. S. 1931 (section 9585, C. O. S. 1921) reads as follows:

" 'The words "real estate mortgage," as used in this article, shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate. Any contract for the sale of real estate in which title is retained in the vendor for the purpose of enforcing payment of the balance due shall be deemed a mortgage upon real property. If an indebtedness is secured by both real and personal property, said mortgage shall be deemed to be a mortgage on real property for the purpose of this act. Any contract or agreement by which the indebtedness secured by any mortgage is increased or added to shall be deemed a mortgage of real property for the purposes of this article and shall be taxable as such upon the amount of such increase or addition.'

"It is certain from the definition of the term 'mortgage,' as used therein, that the quitclaim deed sought to be foreclosed in this action fell within the terms of such taxing provision and it was not subject to be recorded. It is not admissible in evidence in this case, and no judgment can be rendered to enforce it or any rights under it, even though its existence, terms, etc., might be proved without introducing it in evidence."

The plaintiff urges that, since it does not appear affirmatively from the record that the tax was not paid, therefore we should indulge a presumption that the tax was paid. This ignores the burden which rested upon the plaintiff and which he could not avoid, i.e., to plead and prove that he had paid the tax imposed by law and to make such appear affirmatively in the record before the court had jurisdiction to render a judgment foreclosing his mort-

332

gage. Greenwood v. Price, supra; Ditzen v. Given, 139 Kan. 506, 32 P. 2d 448.

As pointed out in Greenwood v. Price, supra, the plaintiff should not be denied all relief, however, merely because of his failure to pay the mortgage tax and to make proof of such payment at the trial in the lower court. It well may be that plaintiff can supply this proof, and therefore the cause will be reversed and remanded for a new trial. It is unnecessary to discuss any of the other contentions made by the defendants.

Reversed and remanded for new trial.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., absent.