## WINELAND v. JONES.

No. 30772. March 2, 1943.

*134 P. 2d 578.*

Dyke Ballinger and Bruce Ballinger, both of Miami, for plaintiff in error.

Clyde Morsey, of Miami, for defendant in error.

PER CURIAM. This action was instituted in a justice of the peace court by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover the sum of $75 alleged to be a balance due for services rendered as a domestic between March 18, 1940, and July 6, 1940, at an agreed weekly wage of $5. Defendant in a written answer admitted the employment and denied the existence of the weekly wage agreement; alleged that the employment had been upon a daily basis and that plaintiff had been fully paid for her services. Upon the issues so framed trial in the justice court was had to the court without the intervention of a jury and resulted in a judg-

ment in favor of plaintiff for the full amount alleged to be due. The defendant thereupon appealed to the district court, where a trial de novo was had to a jury. The evidence was in conflict upon the material issues involved. Demurrer of the defendant to the evidence of plaintiff and motion of defendant for directed verdict in his favor were denied; the cause was then submitted to the jury upon instructions to which no exceptions were taken or saved. The jury returned a verdict in favor of plaintiff and assessed her recovery at the full amount alleged to be due. Motion for new trial was overruled, and from the judgment entered on the verdict defendant appeals.

As grounds for reversal defendant assigns nine specifications of error, which he presents under a single proposition which is as follows:

"It is the contention of the defendant that the proof shows conclusively, and that there is no proof to the contrary, that the plaintiff and the wife of defendant entered into a contract of bailment to the effect that defendant's wife should keep the money which was paid to the plaintiff until in August, 1940, and that the defendant Wineland knew nothing of such agreement and that he furnished his wife the money to pay plaintiff and that such contract of bailment is in no wise binding on said defendant."

In support of the above contention defendant cites 64 C.J. 474; Mills v. Stewart, 87 Okla. 189, 209 P. 770; Mills v. Williams, 87 Okla. 190, 209 P. 771; Peckinpaugh v. Lamb, 70 Kan. 799, 79 P. 673; Crebs v. Uplifters Country Home, 133 Cal. A. 88, 23 P. 2d 807; 25 Standard Enc. Evidence, 1062. An examination of the cited cases will reveal that insofar as they have an incidental application to the contention made it is necessary to presume that the evidence of plaintiff conclusively negatived a right to recovery. The record wholly fails to sustain such a necessary presumption. On the contrary, the evidence upon the material issues was in conflict with respect to the wage agreement, basis of compensation, and the amount which plaintiff had been paid for her services. The evidence of plaintiff tended to establish the allegations of her bill of particulars to the effect that she had been employed at a weekly wage of $5 and had worked for 16 weeks during the period of employment and had received only the sum of $5 out of the amount which was coming to her and had been promised that she would receive the balance in August, 1940. The evidence of defendant, on the contrary, tended to establish that plaintiff had been employed upon a day to day basis and that she had not worked more than two or three days in any one week, and that she had been paid in full at the close of each day's work for the services she had performed. This presented a clear-cut issue for determination by the trier of the facts. The action being one at law, trial thereof was properly had to a jury, and since the cause was submitted to a jury upon instructions which fairly stated the issues to be decided and no exceptions were taken or saved to the instructions given, the verdict of the jury became conclusive upon the controverted facts. The jury by its verdict resolved the conflict existing in the evidence in favor of plaintiff, and its action in so doing finds ample support in the evidence shown in the record which has been presented here. That the verdict of a properly instructed jury in an action at law is conclusive as to all disputed questions of fact is well settled. Home Mutual Life Ass'n v. Hodges, 183 Okla. 104, 80 P. 2d 278; Malernee Oil Co. v. Kerns, 187 Okla. 276, 102 P. 2d 836; Seldon Construction Co. v. Dowell, 187 Okla. 312, 102 P. 2d 599; Wray v. Ferris, Adm'r, 187 Okla. 428, 103 P. 2d 942; Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997. The record which has been brought here presents no reversible error. Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and OSBORN, JJ., absent.