SMOOT v. ANTHONY.

No. 30813. May 25, 1943.

Rehearing Denied June 15, 1943.

*138 P. 2d 547.*

G. R. Horner, of Okmulgee, for plaintiff in error.

John R. Miller, L. O. Lytle, and Roy T. Wildman, all of Sapulpa, for defendant in error.

PER CURIAM. This action was instituted on December 30, 1940, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover on a promissory note which had been secured by a real estate mortgage the lien of which was waived.

The plaintiff in error in his petition alleged, in substance, that the note had been executed on February 21, 1927, and secured by a real estate mortgage, that defendant had paid the interest at intervals on said note until February 21, 1931, and that in 1932 had done some work for plaintiff which amounted to the sum of $84 and which sum had been credited on the note December 15, 1932, at the request and direction of the defendant; that on September 11, 1937, plaintiff had brought suit on the note and for the foreclosure of the real estate mortgage which had been given to secure the same, and that said action had been dismissed without prejudice on June 4, 1940, and that plaintiff waived the lien of real estate mortgage and sought judgment upon the note. Copies of the instruments relied upon were attached as exhibits to the petition.

The defendant filed an answer in which he admitted the execution of the note and mortgage, but denied that he had authorized the credit of $84 on the note, and pleaded the bar of the statute of limitations both as to the action

which had been instituted on September 11, 1937, and the action brought here upon the note. Reply consisted of a general and specific denial and a re-iteration of the matters set forth in plaintiff's petition.

The parties stipulated that the sole issue to be determined was whether the credit of $84 which had been indorsed on the note for work done by the defendant for plaintiff had been authorized and whether the same was a valid credit thereon. The plaintiff introduced evidence to support the validity of the item of credit in dispute. Defendant demurred to the evidence of plaintiff, and when this was overruled, offered evidence to sustain his contention that the $84 credit had been indorsed upon the note without his knowledge or consent. At the close of the evidence defendant moved to dismiss the action for failure of plaintiff to plead and prove that the note had been rendered for taxation and the tax paid thereon in compliance with the Intangible Tax Act (68 O. S. 1941 §§ 1501-1520). Plaintiff thereupon requested and was given permission to re-open the case for the purpose of proving payment of the mortgage tax on the mortgage which had been given to secure the note originally. The plaintiff excepted to the action of the court in permitting the introduction of such proof. The cause was thereupon submitted to the jury upon instructions to which no exceptions were taken or saved. The jury returned a verdict in favor of plaintiff and assessed his recovery at the full amount due as provided by the terms of the note. The defendant has perfected this appeal.

Plaintiff filed a motion to dimiss the appeal for the reason that order granting extension of time in which to prepare and serve case-made was not shown to have been entered on the journal. This motion was denied and plaintiff has renewed it in his brief here. The motion was denied upon the authority of Ashinger v. White, 106 Okla., 19, 232 P. 850, and subsequent decisions following the rule therein laid down, and is again denied for the same reason and need not be discussed further.

As grounds for reversal of the judgment defendant submits the following propositions:

"1. When the plaintiff failed to allege and prove that the indebtedness represented by the promissory note sued on in this action had been rendered for taxation under the provisions of the intangible personal property tax law, said action should have been dismissed upon the motion or demurrer of the defendant, or by the court on its own motion.

"2. A showing made by the plaintiff after the court permitted him to re-open his case in order to show that one year's real estate mortgage tax had been paid on the mortgage did not exempt the indebtedness from the operation of the intangible personal property tax law, if the note was not thereafter rendered for ad valorem taxes.

"3. Where a petition filed in a case in one jurisdiction is attached as an exhibit to a petition in a different county for the purpose only of showing that the same cause of action was involved in both courts, such exhibit does not constitute a pleading of any essential fact necessary to be proved unless the ultimate jurisdictional fact is contained in the body of the petition."

The foregoing propositions are submitted all together in the brief of the defendant on the theory that the note involved represented a liquidated amount, and therefore required the plaintiff to plead and prove rendition for taxation and payment of taxes in the manner required by the Intangible Tax Act (68 O. S. 1941 § 1515), and that it was error to permit the plaintiff to prove that the note had been secured by a real estate mortgage which was subject to the mortgage registration tax. In support of the contention so made, defendant cites 1 C.J. pp. 976 and 981; 49 C.J. pp. 40, 82, 88, 142, 154, 611, 616; Emmerson v. Botkin, 26 Okla. 218, 109 P. 531; Mitchell v. Clark, 52 Okla. 628, 152 P. 354; O'Conner v. City of Fon Du Lac, 109 Wis. 253, 53 L.R.A. 831; Texmo Cotton Exch. Bank v. Liston, 61 Okla. 33, 160 P. 82; Todd v. Webb, 134 Okla. 107, 272 P. 380; Wommer v. Wommer, 91 Okla. 79, 216 P.

150, and Parks v. Butler, 191 Okla. 329, 129 P. 2d 836.

An examination of the authorities cited will reveal that they are without application to the case at bar for several reasons, among them being the fact that the parties by stipulation eliminated any questions which may have existed relative to whether the note involved was one secured by real estate mortgage, the lien of which had been waived, and whether the action thereon which had been previously instituted had been dismissed without prejudice and thus left for consideration only the sufficiency of the credit which had been made upon the note in the sum of $84.

The Intangible Tax Act (68 O. S. 1941 § 1501) specifically provides:

"As used in this act, the term 'intangible personal property' means and includes the following: . . .

"(d) Bonds, promissory notes, debentures, and all other evidence of debt, whether secured or unsecured; except notes, debentures, and other evidence of debt secured by real estate mortgages which are subject to the Mortgage Registration Tax under sections 12351-12362, inclusive, Oklahoma Statutes 1931."

Under the provisions above quoted, the note involved being one secured by a real estate mortgage, it was excepted from the requirements relative to pleading and proof provided by 68 O. S. 1941 § 1515. This eliminates the necessity of any discussion of the character of the claim or demand as to whether it was liquidated or unliquidated. The note was simply one which did not require pleading and proof under the Intangible Tax Act, supra.

The defendant does not, and under the record cannot, question the sufficiency of the evidence to support the verdict. The sole issue of fact in controversy, under stipulation of the parties and the proof introduced, was decided by the jury in favor of plaintiff upon instructions to which no exceptions were taken or saved, and the decision of the jury upon the issue in controversy is conclusive here. Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997; Malernee Oil Co. v. Kerns, 187 Okla. 276, 102 P. 2d 836; Seldon Construction Co. v. Dowell, 187 Okla. 312, 102 P. 2d 599; Wray v. Ferris, 187 Okla. 428, 103 P. 2d 942; Home Mutual Life Ass'n v. Hodges, 183 Okla. 104, 80 P. 2d 278.

The record which defendant has brought here presents no reversible error. Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J. absent.