## CLARK v. MORGAN.

No. 14601—Opinion Filed Sept. 8. 1925.

(Syllabus.)

**1. Appeal and Error—Necessity for Exceptions—Instructions.**

Where no exceptions are taken to the giving of instructions of the court, the parties are concluded by their failure to take exceptions, and the appellate court will not examine the same.

**2. Sales—Damages for Breach of Warranty of Fitness—Improper Evidence.**

Where defendant claimed a breach of warranty of the fitness of a hay press, the court properly excluded evidence offered that as part of his detriment suffered he was compelled to pay for the use of another hay press to bale his hay.

**3. Appeal and Error—Review—Conclusiveness of Verdict.**

Where there is competent evidence reasonably supporting the verdict of the jury, such verdict and finding of the jury will not be disturbed by this court on appeal.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by J. W. Morgan against Joe Clark. Judgment for plaintiff, and defendant brings error. Affirmed.

Rummons & Hughes, for plaintiff in error.

Geo. L. Zink, for defendant in error.

PHELPS, J. In this case defendant in error filed his action in the district court of Kiowa county praying judgment against plaintiff in error, who was defendant below, in the sum of $486.07, upon a promissory note.

Defendant answered, admitting the execution of the note, but pleaded as an affirmative defense that $350 of the note was given as the purchase price of a hay press purchased by him at public auction and that the warranty of said hay press given by plaintiff had failed, and that there was, therefore, no consideration for $350 of the note sued on; also praying for damages because of the breach of warranty of the hay press.

The cause went to trial before a jury, resulting in a verdict in favor of plaintiff in the sum of $374.20, upon which judgment was rendered and from which, and the court's order denying motion for new trial, this appeal is prosecuted by defendant.

The assignments of error and discussion thereof, by counsel for plaintiff in error, cover a remarkably and unusually narrow scope. They first complain of erroneous instructions given the jury by the court, but admit in their brief that no exceptions were taken thereto and concede that under this condition of the record this court cannot consider such assignments of error.

The law is well settled in this state that the Supreme Court will not review instructions given by the district court, unless the record discloses that they were duly excepted to at the time of the trial. Shawacre v. Morris, 52 Okla. 142, 152 Pac. 835; Henthorn v. Tidd, 63 Okla. 280, 164 Pac. 783; Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Seamans Oil Co. v. Davis, 87 Okla. 14, 208 Pac. 802.

They further complain of the action of the court in excluding certain evidence offered. Defendant was upon the witness stand and was attempting to testify that because he had not been able to get his hay baled early he had sustained a loss in the market value thereof. Objection was made to this testimony upon the ground that that was not the proper measure of damages, and the court said, "No, it isn't the measure of damages that will be covered by instructions." No exception was taken. Defendant then testified that when the hay press in question failed to give satisfactory service he hired another press to use in baling the balance of his crop of hay, and the following colloquy occurred:

"Counsel for defendant: Now, what did this baler that you say you hired to use instead of yours—what did it cost you?

"Counsel for plaintiff: We object, as incompetent, irrelevant and immaterial—not the proper measure of damages.

"The Court: Sustained—the statute fixes the measure of damages.

"Counsel for defendant: Well, we except—I think we ought to be entitled to show any special damages we have suffered.

"The Court: You are pleading breach of warranty, aren't you?

"Counsel for defendant: Yes.

"The Court: Well, the statute fixes the damages.

"Counsel for defendant: Well, that's true, but special damages outside of that, I think any expense we were put to should be—we should be entitled to show that in addition.

"The Court: Well, the objection will be sustained.

"Counsel for defendant: Exception."

As to whether the hay press was warranted as claimed by defendant and denied by plaintiff was a disputed question of fact, but if it was sold under a warranty as to quality or fitness and there was a breach of that warranty, the measure of damages was fixed by sections 5989 and 5990, C. O. S. 1921, which provide that:

"The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time.

"The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be that which is defined in the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

It will therefore be observed that the evidence excluded was not evidence tending to show loss incurred in an effort to use the press to bale the hay, but tended to show what defendant paid for the use of another press he had hired to bale the hay, and we thing it was properly excluded.

Defendant further claims that the verdict of the jury was contrary to the evidence. But an examination of the record discloses that there is abundant evidence to sustain the verdict, and under the well-settled law of this state, that where there is any evidence reasonably supporting the verdict of the jury this court will not disturb the same on appeal, we are not disposed to interfere therewith.

The judgment of the district court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 919, § 818; 14 R. C. L. 808; 3 R. C. L. Supp. p. 292; 4 R. C. L. Supp. p. 921. (2) 35 Cyc. p. 464. (3) 4 C. J. p. 853, § 2834; 2 R. C. L. pp. 194 et seq., 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79.