## MITCHELL v. McMULLEN MOTOR SERVICE.

No. 30807. Dec. 15, 1942.

*132 P. 2d 333.*

Charles Dunn, of Okemah, for plaintiff in error.

Dwight Tolle, of Okemah, for defendant in error.

DAVISON, J. This case involves a replevin action which originated in the district court of Okfuskee county. The suit was brought by the McMullen Motor Service against Frank Mitchell. After trial before a jury, judgment was rendered for plaintiff, and the defendant appealed. Reference to the parties will be by their trial court designation.

The dispute arose out of a contract or purchase order agreement entered into by the parties whereby the plaintiff was to deliver to the defendant certain farm machinery valued at $1,100. In return, defendant was to pay plaintiff $350, plus a finance charge, as per agreement, and was to be credited $750 for eight mules and two mares. The controversy directly involves two mules. It is plaintiff's contention that the livestock was to include two five-year-old mules, but the defendant contends that two nine-year-old mules were involved in the transaction.

After making demand for the two five-year-old mules, which demand was refused, plaintiff brought this action.

The contract between the parties was in the form of an "Order for Goods." It listed the machinery to be delivered and under "Description of Trade-In" set forth "8 Mules 2 Mares $750.00." This order, together with the warranty and agreement on the back thereof, was understood to be the entire contract.

In presenting this appeal defendant advances but one contention, which is: "The verdict of the jury in this case is not sustained by the evidence and is contrary to law." This contention, therefore, is the only one to be determined in this opinion.

The defendant has evidently abandoned any claim of the verdict being contrary to law, as his brief does not direct this court's attention to any error of law, either in admission of evidence or instructions to the jury. Nor is it pointed out in any respect where the verdict is contrary to law. This leaves the sole question for determination by this court as to whether the verdict of the jury is contrary to the evidence.

An examination of the record reveals that the evidence is in conflict. Tom Rogers, an employee of the plaintiff, testified that prior to the completion of the contract he had talked with the defendant concerning the livestock and had examined the two mules in question. He further testified that when defendant was questioned about leaving the livestock in the pasture he assented, but disclaimed any responsibility if loss occurred. The testimony of J. L. McMullen, plaintiff, was similar to that of Tom Rogers.

Defendant offered the testimony of several witnesses to prove that on several occasions he had been offered as high as $500 for the pair of mules, but had refused to sell them. Defendant testified that the pair of mules in ques-

tion were never mentioned and no discussion concerning them had when the trade occurred.

Upon a complete review of the evidence we find that there is competent evidence on behalf of the plaintiff that the mules involved herein are the identical mules subject to the replevin action. In the trial of the case the jury so found. It has been held repeatedly by this court that the verdict of a properly instructed jury in a law action is conclusive as to all disputed questions of fact, and when such verdict is reasonably supported by any competent evidence, it will not be disturbed on appeal. Estes v. Douglass, 186 Okla. 546, 99 P. 2d 117. And in numerous cases this court has held that if there is any competent evidence which with all inferences reasonably to be drawn therefrom tends to support the verdict of the jury, the judgment thereon will not be reversed on the ground of insufficiency of the evidence. Wray et al. v. Ferris, Adm'r, 187 Okla. 428, 103 P. 2d 428; Gilbert v. Welchel et al., 162 Okla. 133, 19 P. 2d 609; Clark v. Morgan, 113 Okla. 90, 239 P. 230.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.