GAINES BROS. CO. et al. v. PHILLIPS, Adm'r.

No. 31321. Sept. 26, 1944.

*151 P. 2d 933.*

A. L. Commons, of Miami, for plaintiffs in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, and Sylvan Bruner and Pete Farabi, both of Pittsburg, Kan., for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, to recover damages for the alleged wrongful death of plaintiff's intestate, Frank Phillips, Jr., deceased.

Plaintiff in his petition, which consisted of four causes of action, after conventional averment relative to his capacity, alleged, in substance, under the first cause of action that on October 15, 1941, his intestate was an unmarried, unemancipated minor in the employ of the defendants on their farm near Narcissa, and that intestate's parents were entitled to his earnings until he attained his majority, which would have been on March 4, 1942; that the defendants kept on their farm a horse of known vicious tendencies and propensities, and that on October 15, 1941, while plaintiff's intestate was holding a twitch on said horse to keep him quiet while he was being shod the horse suddenly reared and struck plaintiff's intestate on the head and inflicted wounds on him of which he died on October 17, 1941; that the death of plaintiff's intestate had been proximately caused by the keeping of said horse with knowledge of his vicious tendencies and propensities. Under said first cause of action plaintiff sought judgment for $280 as balance of wages which intestate would have earned to his majority.

Under the second cause of action plaintiff alleged, in addition to prior allegations, that as a result of the injuries so inflicted the estate of plaintiff's intestate had incurred expenses for medical, hospital and funeral bills in the aggregate sum of $464.80, for which plaintiff prayed judgment under said cause of action.

Under the third cause of action, in addition to other allegations, plaintiff alleged that the parents of his intestate were old and infirm, and that had the intestate lived he could have reasonably been expected to make contribution to them in the total sum of $7,500, for which he prayed judgment under said cause of action.

Under the fourth cause of action plaintiff sought for the estate the sum of $10,000 on account of conscious pain and suffering which plaintiff's intestate had endured from the hour of his injury to the hour of his death.

The answer of defendants consisted of a general denial, pleas of unavoidable accident, contributory negligence and assumption of risk. Reply was a general denial.

Trial was had to a jury. The evidence adduced by plaintiff relative to the vicious tendencies and propensities of the horse was, in substance, that he required snubbing in order to saddle and mount him, and that he had kicked and pawed a rider who was thrown or fell from him when the horse ran into a barbed wire gate. The evidence of defendants was, in substance, that the horse was a young animal of high spirits and not vicious but merely fractious, and that the injuries to plaintiff's intestate were the result of an instinctive effort of the animal to release himself from the twitch by which he was being held rather than from any vicious act. Demurrer to the evidence and motion for directed verdict at the close of all the evidence were overruled and exceptions saved. The court withdrew from consideration of the jury the matters alleged under plaintiff's third cause of action and advised the jury that no recovery could be had therefor. The jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $2,000. No objections to the form of the verdict were taken or saved. Motion for new trial and supplemental motion for new trial on the ground of newly discovered evidence were overruled. Judgment followed the verdict, and defendants have perfected this appeal.

As grounds for reversal defendants submit six propositions which may be summarized as follows: (1) motion of defendants for new trial should have been sustained; (2) the verdict was not in proper form; (3) the verdict is not supported by the evidence; (4) the verdict is contrary to the evidence as a whole; (5) the verdict is contrary to the law; (6) the verdict is contrary to the instructions given by the court.

The contention of the defendants that a new trial should have been granted rests upon the theory that certain remarks of counsel for plaintiff and questions propounded to witnesses constituted misconduct and therefore reversible error under the rule which condemns language and questions expressed and asked merely to prejudice the jury (64 C. J. 244, § 258) and the rule which requires the trial court when convinced that a fair trial has not been had to grant a new trial. Alexander v. Alexander, 179 Okla. 614, 67 P. 2d 33. It is not shown that the language involved and the questions propounded come within the rule invoked and it clearly appears that the trial court did not so consider it, and therefore the rule relative to the duty of the trial court to grant a new trial does not apply. The record shows that the alleged misconduct of counsel for plaintiff was presented to the trial court on hearing of motion for new trial and was there overruled and denied. The applicable rule under such circumstances is that in the absence of a showing of prejudice this court will defer to the trial court's decision. See Beck v. Day, 178 Okla. 310, 62 P. 2d 1014.

Under the next proposition defendants contend, in substance, that the form of verdict returned was improper for the reason that it does not specify the items for which recovery was allowed. The defendants made no objection to the form of the verdict at the time it was returned or before the jury was discharged. This court is

committed to the rule that where objections are not so interposed they will be deemed to have been waived and may not thereafter be urged. Schuman v. Chatman, 184 Okla. 224, 86 P. 2d 615; Colchensky v. Williamson, 181 Okla. 58, 72 P. 2d 337; Mainard v. Fowler, 171 Okla. 582, 42 P. 2d 878.

Under the third and fourth propositions the defendants urge that the evidence is insufficient to support the verdict and that the verdict is contrary to all of the evidence. Defendants offer neither plausible argument nor any authority in support of the contentions so made. This court will not search the record for some error on which to reverse the trial court, the rule being that even where plausible argument is submitted in the brief, if unsupported by citation of authorities, it will not overcome the presumption indulged in favor of the judgment. See Wyant v. Schuman, 145 Okla. 147, 292 P. 73; Wyant v. Levy, 134 Okla. 39, 272 P. 851; Drum Standish Commission Co. v. First Nat. Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P. 2d 843. We have examined the evidence to determine whether there is any evidence to support the verdict, and we find therefrom that there was some evidence from which the jury could infer that the horse which killed plaintiff's intestate possessed vicious tendencies and propensities, and that defendants kept this animal with knowledge thereof. In this jurisdiction the keeping of an animal of known vicious tendencies and propensities is the act which creates liability in the event of injury by said animal. See Tidal Oil Co. v. Forcum, 189 Okla. 268, 116 P. 2d 572; Tubbs v. Shears. 55 Okla. 610, 155 P. 549; Ayers v. McCoughtry, 29 Okla. 399, 117 P. 1088. 37 L.R.A. (N.S.) 865. Measured by the rule announced in the above-cited authorities, we are of the opinion that there was sufficient evidence to sustain the verdict and that the contention of the defendants to the contrary cannot be upheld.

The final contention of the defendants under their fifth and sixth propositions is that the verdict is contrary to law and the court's instructions. The contention so made rests upon the premise that defendants were not responsible for the death of plaintiff's intestate, and since in the first instruction given by the court the jury was given a resume of the pleadings and in the second paragraph were advised that the burden was upon the plaintiff to make a case by preponderance of the evidence, and since plaintiff had alleged that his intestate had received his injuries while carrying out the directions of the defendant and there was evidence to controvert this allegation, therefore the jury disregarded the instruction which required them to find, if at all, for the plaintiff upon a preponderance of the evidence. The fallacy in such argument is apparent from what has been said. The cause appears to have been fairly tried upon conflicting evidence and instructions which were fundamentally correct. That the verdict of a properly instructed jury in an action of legal cognizance is conclusive as to disputed questions of fact is well settled. Wray v. Ferris, Adm'r, 187 Okla. 428, 103 P. 2d 942; Mitchell v. McMullen Motor Service, 191 Okla. 612, 132 P. 2d 333; Home Mutual Life Ass'n v. Hodges, 183 Okla. 104, 80 P. 2d 278; Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997. The record which has been brought here presents no reversible error.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur.