**Margaret VAUGHT, Appellee,**

v.

**Nancy M. HOLLAND, Appellant.**

**No. 47995.**

Supreme Court of Oklahoma.

Sept. 21, 1976.

**1176** ■ ■

C. W. Schwoerke, Schwoerke & Schwoerke, Oklahoma City, for appellee.

Nance, King & Roberts, Oklahoma City, for appellant.

LAVENDER, Justice:

This personal injury action involves a two vehicle accident. Margaret Vaught (Vaught), plaintiff, was the driver of a vehicle traveling along a street. Nancy M. Holland (Holland), defendant, was the driver of the other vehicle backing her vehicle from a private driveway. A collision occurred. Vaught seeks recovery from Holland. Instruction 3 included the burden of proof required of plaintiff. Instruc-

tion 10 instructed jury as to recovery by plaintiff if injury was proximately caused by defendant's negligence and not by any negligence of plaintiff. It instructed the jury as to comparative negligence if both the plaintiff and the defendant contributed to the injury by their negligence. The parties did not object to these particular instructions. The defendant objected to the form of the verdict.[1] Jury returned its verdict finding the plaintiff's negligence to be zero percent and the defendant's negligence to be one hundred percent. It found the total amount of damages sustained by the plaintiff to be the sum of $7,850. Upon this verdict the trial court rendered judgment for plaintiff of $7,850.

Defendant, Holland, argues (1) the form of the jury verdict was not that of a general verdict, and (2) plaintiff was allowed to amend her petition at trial so as to in-

1. "JURY VERDICT

"We, the jury, duly empaneled and sworn, upon our oaths, find as follows:

   1. Plaintiff's negligence
      (0% to 100%) _____%

   2. Defendant's negligence
      (0% to 100%)   · _____%

   1 and 2 must total 100% _____%

                             TOTAL     100%

"The following shall be answered only if the percentage of plaintiff's negligence is of a lesser percentage than the negligence of the defendant.

3. We find the total amount of damages sustained by the plaintiff, disregarding the percentages of negligence of the plaintiff and defendant, the sum of:

_____ $_____ _____

_____ _____

_____ _____

_____ _____

_____ _____

                                      Foreman

"FOR TRIAL COURT USE ONLY

   "Upon the above jury verdict, judgment is rendered as follows, to-wit:

   1. Judgment for plaintiff:   ( )
      Total damages disregarding the % of negligence   $_____
      Less percentage of plaintiff's negligence   $_____
      Net award to plaintiff   $_____
   2. Judgment for defendant   ( )

                                      Trial Judge"

clude future medical expense and increase amount of damages sought to be recovered.

■ Oklahoma Constitution, Art. 7, § 15, requires the jury to return a general verdict. A general verdict is that by which they (the jury) pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. 12 O.S. 1971, § 587. No particular form is required. No exact wordage or language need be used. The fact interrogatories, which amount to submitting the general issues on which the parties are entitled to recover, were submitted to jury instead of general forms of verdict will not, alone, necessarily work a reversal of a judgment based upon answers given by the jury to the interrogatories. *First Nat. Bank v. Jones*, 111 Okl. 116, 238 P. 488 (1925); *Latting v. Siddons*, 179 Okl. 582, 66 P.2d 923 (1937). Here no unavoidable accident was involved. That defense was pled, but there was no evidence establishing that issue. No instruction was given or requested, as to that issue. The general issues of fact to be determined by the jury were whose negligence caused the accident and what amount of damage did the plaintiff suffer, if any from that negligence. The jury was to decide if the defendant's negligence was the sole proximate cause, if the plaintiff's negligence was the sole proximate cause, or if a combination of the negligence of both parties was the proxi-

mate cause, then to compare each party's negligence expressed in percent of the whole. This the jury did in its verdict here. The interrogatories submitted to the jury contained the only issues of fact to be determined, and its answers are equivalent to a general verdict. *American Employers' Insurance Co. v. McGeehee*, Okl., 485 P.2d 754 (1971). The verdict returned here was a general verdict.

■ Holland, appellant urges prejudicial error for the verdict form did not allow the jury to consider the issue of the burden of proof placed on the plaintiff under instruction 3. She submitted general forms of verdict to the trial court requesting such a general form be furnished to the jury in addition to the one actually given to the jury.[2] Under the particular circumstances of this case, we find prejudicial error did not occur as to the form of verdict submitted to the jury.

The jury's verdict cannot be misunderstood. It found Holland's negligence to have caused the accident, 100 percent. Plaintiff's negligence contributed to that cause, zero percent. As instructed,[3] without objections, the jury determined the accident and resulting damage was proximately caused by negligence on the part of the defendant and not by any negligence of the plaintiff. The jury was instructed, properly and without objections, as to the burden of proof.[4] In determin-

2. See n. 1, supra.

3. *Instruction No. 10 reads:*

"If you should find that the occurrence was proximately caused by negligence on the part of the defendant and not by any negligence on the part of the plaintiff that contributed to the proximate cause of the occurrence, then plaintiff is entitled to recover the full amount of any damages, not to exceed the amount sued for, you may find plaintiff has sustained as a result of the occurrence.

"If you should find that the occurrence was proximately caused by negligence of both the plaintiff and defendant, then you must determine the percentages of their negligence as it compares to 100 percent.

"If the negligence of the plaintiff is of a lesser percentage than the negligence of the defendant, then the plaintiff is entitled to recover the full amount of any damages, not to exceed the amount sued for, you may find

plaintiff has sustained as a result of the occurrence; but, the Court will reduce such damages in the proportion plaintiff's own percentage of negligence, as determined by the jury, bears to the total damages sustained by the plaintiff.

"On the other hand, if the defendant was not negligent or if the negligence of the plaintiff is equal to or greater in degree than the negligence of the defendant, then plaintiff is not entitled to recover any damages."

4. Instruction No. 3 reads in part:

\* \* \* \* \*

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations of the petition, and unless the plaintiff has proved these allegations by a preponderance of the evidence, your verdict must be for the defendant."

\* \* \* \* \*

ing Holland to be liable and the amount of Vaught's damages, without regard to percent of negligence causing the accident, the jury found the plaintiff had met her burden of proof. The jury determined that issue against the defendant.

■ Evidence in the record suggests little dispute as to how the accident occurred. Holland testified she looked while backing her vehicle from a private driveway, but failed to see the Vaught vehicle approaching in the street from the passenger side. The rear of Holland's vehicle struck the right side of the Vaught vehicle at the rear door. The only medical witness was Dr. G., an examining physician for the plaintiff. The evidence of record is sufficient to sustain the amount of damages determined by the jury.

■ With the necessary instruction as to the burden of proof (Instruction 3), better practice might suggest submissions of additional forms of general verdict finding for one or the other of the parties, where no contributory negligence is found by the jury so as not to require its comparison of the negligence of each party with the whole. In this case, we find no prejudicial error as to the form of the verdict given to and returned by the jury. An error does not require reversal unless an examination of the entire record discloses a miscarriage of justice has probably resulted therefrom or there was a violation of constitutional or statutory right. *Davis v. Whitsett,* Okl., 435 P.2d 592, 601 (1967); 20 O.S.1971, § 3001. Here, we do not find such a miscarriage of justice. A general verdict was returned as required by Const. Art. 7, § 15 and 12 O.S.1971, § 588.

■ Holland's second argument of error relates to allowing plaintiff to amend so as to conform with the proof as to the amount and necessity for future medical expense. The trial court allowed that amendment in the amount of $2,450 which increased the prayer for judgment in that amount.

In alleging damages, Vaught's petition stated "She has been advised that she needs to go to the hospital and receive traction and physical therapy." She sought no money for that purpose. She sought $100 for incurred medical expense, $1,000 for pain and suffering, $300 for loss of wages, and $4,000 for permanent disability. These money damages totaled $5,400. That was the amount of judgment prayed for in her petition. This did not include an amount for future medical expenses.

At trial, through the testimony of Dr. G., Vaught established the need and cost of future medical expenses. This proof was introduced without objection from Holland. At the close of all the evidence, Vaught sought to amend her prayer so as to include future medical expense. It was then that Holland objected. Trial court allowed that amendment in the amount of $2,450.

Statutory power of the court to permit amendments, before or after judgment, of any pleading was amended by Laws 1971, c. 55, § 1. The court may now allow amendments to conform the pleading to the facts proved, "when such amendment does not change the *nature of the \* \* \* occurrence* that is the subject of the claim \* \* \*." 12 O.S.1971, § 317. Prior to this statutory amendment, the court's power to allow amendments of pleadings was permitted "when such amendment does not *change substantially the claim \* \* \*.*" The limitation on the court was modified from a substantial change of the claim to the nature of the occurrence (or transaction) that is the subject of the claim. Here, the trial court allowed amendment of the petition so as to conform with the facts proved as to cost of future medical expenses. Evidence proving that fact of cost was introduced without objection. The allowed amendment was not a change in the nature of the occurrence. The trial court had statutory power to allow the amendment.

We would agree, as suggested by Vaught, the introduction of evidence of cost of future medical expense was not proper under the then pleadings and upon a timely objection to that introduction. No

objection occurred to the introduction. Holland's objection came to the amendment of the pleading to conform to the proof. The trial court allowed the amendment. That was within the trial court's power under § 317, supra.

We distinguish the present case from cases cited by Holland. Here, the amendment was allowed by the trial court to conform to the proof. Its effect was to increase the prayer. This was not a case where judgment was allowed for more than the prayer. The pleading was amended. This was not a case where the prayer was allowed to be arbitrarily amended upward without timely notice to defendant. Holland, as the defendant, could have prevented the operation of § 317, supra. Her protection was to object to the introduction into evidence the cost of future medical expense. She ignored that protection. Her objection came too late. She sought no continuance or mistrial. Its overruling by the trial court so as to allow the amendment was not reversible error.

Affirmed.

All of the Justices concur.