**Ronald D. MORGAN, Appellant,**

v.

**OKLAHOMA NATURAL GAS COMPANY, a Foreign Corporation, and Timothy J. Holland, Appellees.**

No. 48581.

Supreme Court of Oklahoma.

March 22, 1977.

Edwin W. Ash, Okmulgee, for appellant.

Knight & Wagner, Tulsa, for appellees.

DOOLIN, Justice.

The automobiles driven by plaintiff Morgan and defendant Holland collided at an intersection in Okmulgee, Oklahoma. Morgan sued Holland and his employer, Oklahoma Natural Gas Company, for personal injuries and property damages arising out of the collision. The jury returned a verdict under our comparative negligence law, finding plaintiff's negligence to be 0% and defendant's negligence 0%, and finding plaintiff suffered no damages. The court accepted the jury's verdict and judgment was entered for the defendant. Plaintiff failed to object to the instructions given by the court or to the form of the verdict. He filed a motion for new trial which was overruled. He now appeals.

On appeal plaintiff's only proposition of error is that the verdict returned by the jury was contrary to the law and evidence. The verdict form provided the percentage of plaintiff's negligence (0% to 100%), plus the percentage of defendant's negligence (0% to 100%), should total 100%. The total percentage shown on the verdict form returned by the jury was 0%. Plaintiff claims this is evidence the jury disregarded the court's instructions.

The evidence at trial was conflicting. Instruction # 12 stated: "The mere happening of an accident does not create a presumption of negligence on the part of anyone." Apparently the jury found this to be the situation and the collision to be the result of an unavoidable accident.

This particular instruction is obviously inconsistent with the instruction on the jury form requiring jury to find negli-

gence totaling 100%. However plaintiff objected to neither the instructions nor the form of the verdict. It is well recognized that where a party fails to object to the form of the verdict at the time the verdict is returned and before the jury is discharged, such failure constitutes a waiver of objections.[1]

Plaintiff cites *Burkett v. Moran*, 410 P.2d 876 (Okl.1966) as authority for his assertion he did not waive his claim of error by not objecting to form of verdict at the proper time. This decision is not applicable here. In *Burkett* the jury had found in favor of plaintiff but failed to make an award as to one proved element of damages. The court held the error could not be remedied by correcting the form of the verdict, but was a substantive error requiring a new trial.

Here the jury specifically found defendant was not guilty of any negligence. Where the jury pronounces plaintiff is entitled to no recovery, its verdict is in fact and in law a finding for the defendant.[2]

The evidence in the record here supports a finding in favor of the defendant. We find no prejudicial error as to the form of the verdict given to and returned by the jury. An error in verdict form does not require reversal unless a miscarriage of justice has probably resulted therefrom. *Vaught v. Holland*, 554 P.2d 1174 (Okl. 1976).

AFFIRMED.

All the Justices concur.

---

1. *Miller v. Judd*, 429 P.2d 714, 717 (Okl.1967); *Cooper v. Woodruff*, 357 P.2d 969 (Okl.1960).

2. *Cooper v. Woodruff*, id. p. 971.