Lowell DOWNUM, Appellant,

v.

MUSKOGEE STOCKYARDS AND LIVESTOCK AUCTION, INC., a corporation, Appellee.

No. 49192.

Supreme Court of Oklahoma.

June 7, 1977.

Wilcoxen, Cate & Scherer, Andrew Wilcoxen, Muskogee, for appellant.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for appellee.

DOOLIN, Justice.

This was a suit for injuries sustained by plaintiff when he fell on the business premises of defendant. The case was tried to a jury under the comparative negligence statute, 23 O.S.1975 Supp. §§ 11, 12. The jury returned a verdict in the following form:

"We, the jury in the above action duly impaneled and sworn, upon our oaths, find:

1. Plaintiff's fault (0% to 100%)  45%
2. Defendant's fault (0% to 100%)  55%

Total:  100%

(If the percentage of plaintiff's fault is less than that of defendant's, answer finding ¶ 3).

3. We find plaintiff received injury and suffered damages as a result of the incident in the sum of $17,000.00 "

Pursuant to this verdict the court entered judgment in favor of plaintiff for $9,350.00

which is 55% of $17,000.00. Plaintiff filed a "motion to construe the verdict and in the alternative motion for new trial" as follows:

"Comes now the plaintiff, Lowell Downum, and moves the Court to construe the verdict in accordance with the intention of the Jury and enter judgment herein for the plaintiff in the sum of $17,000.00, or in the alternative to grant to the plaintiff a new trial for the following reasons:

Irregularity in the verdict, accident and surprise which ordinary prudence could not have guarded against, and which caused the Jury to seek to award to the plaintiff the sum of $17,000.00 as an amount equal to 55% of the defendant's comparative negligence, even though the verdict could be interpreted in a different manner.

In support whereof this plaintiff refers to the Affidavit of William Glass, foreman, filed herein and made a part of this Motion."

The affidavit of the jury foreman referred to stated:

"I was the foreman of the jury that returned the verdict yesterday in the above styled and numbered cause. The instructions about comparative negligence and the form of the verdict were a little confusing. It was the clear intention of all the jurors who signed the verdict to award to Lowell Downum, the plaintiff, $17,000.00 not 55% of $17,-000.00."

The trial court overruled plaintiff's motion and he appeals to this court.

Plaintiff submits the trial court abused its discretion in refusing to grant a new trial when it was obvious the jury intended him to recover the full $17,000.00 instead of the $9,350.00 trial court awarded him. We disagree.

Plaintiff did not object to the instructions or to the form of the verdict submitted. Although the better form of verdict in a comparative negligence case instructs the jury to find the total amount of damages sustained by the plaintiff and proved by the evidence *disregarding the percentages of negligence of the plaintiffs and defendant,* no particular form of verdict is required.[1] Where a party fails to object to the form of the verdict before the jury is discharged, such failure constitutes a waiver of his objections.[2]

It was not error for the trial court to refuse to grant a new trial on the basis of an affidavit of the foreman of the jury. Upon public policy grounds, jurors will not be heard by affidavit to impeach a verdict to show on what grounds it was rendered, or to show a mistake in it or that the jury misunderstood the charge of the court, or that they otherwise mistook the law, or the result of their findings.[3]

The trial court did not abuse its discretion in refusing to grant a new trial and as such this court will not disturb its decision on appeal.[4]

AFFIRMED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, C. J., dissents.

1. *Vaught v. Holland,* 554 P.2d 1174 (Okl.1976); *Smith v. Gizzi,* 564 ⁿ2d 1009 (Okl.1977).

2. *Morgan v. Oklahoma Natural Gas Co.,* 561 P.2d 1363 (Okl.1977).

3. *Horn v. Sturm,* 408 P.2d 541 (Okl.1965).

4. *Poteete v. MFA Mutual Insurance Co.,* 527 P.2d 18 (Okl.1974).