2011 OK 13

Fonda "Nikki" QUARLES,
Plaintiff/Appellant,

v.

Jayesh PANCHAL, M.D.,
Defendant/Appellee.

No. 107,159.

Supreme Court of Oklahoma.

March 1, 2011.

Rehearing Denied April 25, 2011.

Elizabeth R. Castleberry, Burch & George, Oklahoma City, OK, for Plaintiff/Appellant.

John Wiggins, L. Earl Ogletree, Wiggins Sewell & Ogletree, Oklahoma City, OK, for Defendant/Appellee.

COMBS, J.

¶ 1 Quarles sued Panchal after breast augmentation surgery that resulted in swelling and a widening of scars that required a second procedure, which Panchal performed. Quarles asserted two separate and independent claims for recovery: negligence and lack of informed consent. As to the lack of consent, Quarles alleged that, while she had signed a consent form and agreed to the placement of implants (a bilateral breast augmentation mammoplasty), Panchal actually performed a more invasive procedure that removed some skin and tissue (a bilateral mastopexy/breast lift).

¶ 2 At trial, after both parties testified and presented evidence, the trial court instructed the jury as to both of Quarles' claims. Instruction Number 3 informed the jury that Plaintiff claimed Defendant performed surgery in a negligent manner and that she did not give her informed consent and explained that, without consent, a physician commits a battery. Instruction Number 23 informed the jury that if it found Defendant negligent, it was to use "Verdict Form Number One," and if it found Plaintiff had failed to prove negligence, it was to use "Verdict Form Number Two." These verdict forms stated, "We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of . . ." and then gave the jury the option of choosing either Plaintiff in Verdict Form Number One or Defendant in Verdict Form Number Two. Neither Plaintiff nor Defendant objected to the instructions or verdict forms. The court read the instructions and the jury began deliberating.

¶ 3 After the jury had begun deliberations, Plaintiff's counsel moved, for the first time, to substitute a different verdict form. Plaintiff asserted that the general verdict forms were defective because they did not require a verdict on each of Plaintiff's claims: negligence and lack of informed consent. Plaintiff requested that the jury be given a substitute

instruction form entitled, "Verdict Form, For Plaintiff, Punitive Damages (First Stage)," which contained separate headings as follows:

A.  *Plaintiff's Informed Consent Claim*

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths find in favor of:

_____  Plaintiff

_____  Defendant

B.  *Plaintiff's Negligence Claim*

We, the jury empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of:

_____  Plaintiff

_____  Defendant

¶ 4 The trial court denied Plaintiff's motion, noting she did not object to the instructions and verdicts as given. The jury returned Verdict Form Number Two for Defendant and the Plaintiff appealed. The Court of Civil Appeals correctly recognized the lateness of Plaintiff's objection, but reversed the case based upon fundamental error.

¶ 5 Where a cause consisting of two or more separate causes of action is tried to a jury, separate verdict forms for each cause of action should be submitted to the jury. *Stephens v. Draper,* 1960 OK 69, ¶ 9, 350 P.2d 506. This Court has consistently held that the failure to object to a general verdict on separate causes of action is deemed a waiver of the objection to the general form of the verdict. *Stakis et al. v. Dimitroff,* 1931 OK 653, ¶ 16, 6 P.2d 1053. The guiding precept applicable here is, separate forms for verdicts should be submitted to the jury and returned by them. But this requirement is waived where there is no timely request for separate verdict forms and where it does not appear that the use of the general verdict form has resulted in substantial prejudice. *LPCX Corp. v. Faulkner,* 1991 OK 46, ¶ 31, 818 P.2d 431.

¶ 6 This Court has more recently addressed the question of timeliness of objections regarding verdict forms in *Capshaw v.*

*Gulf Ins. Co.,* 2005 OK 5, 107 P.3d 595. In *Capshaw* we held:

An allegation of error in a motion for new trial must be based on an error preserved in the course of trial proceedings. If the motion is rested on an error that does not stand preserved for review, it is of no avail as a party's support for its new-trial quest. Oklahoma's extant jurisprudence reveals that an exception to an alleged defect in a blank verdict form must be lodged before the form is given to the jury and that failure to do so constitutes waiver of the error. Here, both parties submitted proposed verdict forms for the court's use and were aware of the blank form submitted by the court. Neither party excepted. The nisi prius judge's post-verdict *sua sponte* notice of an alleged defect, upon which plaintiff's new-trial motion came to be based, was too late. An exception to a blank verdict form may not be interposed for the first time in a motion for new trial. To preserve that error for review here, Capshaw must have excepted to the blank verdict form at the pre-submission stage of the case, i.e., simultaneously with exceptions to jury instructions.

*Capshaw v. Gulf Ins. Co.* 2005 OK 5, ¶ 13, 107 P.3d 595.

¶ 7 In the present matter the Plaintiff's objection to the verdict forms came after the instructions were given and the jury was deliberating, therefore this Court may only review the actions for fundamental error. *Sellars v. McCullough,* 1989 OK 155, ¶ 10–12, 784 P.2d 1060. Like challenges to instructions, fundamental error will not be found unless a verdict form compromises the integrity of the proceeding to such a degree that the error has a substantial effect on the rights of one or more of the parties. *Sullivan v. Forty–Second West Corp.,* 1998 OK 48, ¶ 7, 961 P.2d 801. An error does not require reversal unless an examination of the entire record discloses a miscarriage of justice has probably resulted therefrom, or there was a violation of constitutional rights. *Vaught v. Holland,* 1976 OK 119, ¶ 7, 554 P.2d 1174.

¶ 8 Because Quarles urges the verdict forms are fundamentally flawed we proceed

to review the verdict forms in contest. These forms state:

### #1 VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Plaintiff, Fonda "Nikki" Quarles as follows:

1. The dollar amount of her actual damages is the sum of $____.

2. We do___ do not___ (Check one) find by clear and convincing evidence that the Defendant, Jayesh Panchal, M.D., acted in reckless disregard of the rights of others.

### #2 VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Defendant, Jayesh Panchal, M.D.

¶ 9 The jury was also instructed:

Any operation on a patient's body is a battery, unless it is consented to by a patient. A physician who so operates in any manner on a patient without her consent commits a battery, and is liable for the injuries directly resulting therefrom, even though skill is used in the operation.

If a physician has been instructed by a patient to perform a certain operation and he performs a different operation without the patient's consent, the physician commits a battery and is liable to the patient for the injuries, if any, directly resulting therefrom.

¶ 10 The jury was instructed as to informed consent in two separate jury instructions.

The first instruction states:

Express consent to perform an operation may be given orally or in writing. Consent may also be implied where the words or conduct of the patient would lead the ordinary person to the belief that the patient consented to the operation.

The second instruction states:

For a patient's consent to be effective, whether expressed or implied, the physician must have informed the patient as to the nature of the ailment, the nature of the operation and the material risks, if any, involved in undergoing the operation.

■ ¶ 11 In the present matter the jury did not find in favor of the Plaintiff after being properly instructed. The record reveals competent evidence supporting this finding. The jury was instructed on negligence, as well as informed consent and battery. Instructions are sufficient if, when considered as a whole, they present the law applicable to the issues. *Scott v. Bradford,* 1979 OK 165, ¶ 28, 606 P.2d 554.

¶ 12 In *Taliaferro v. Shahsavari,* 2006 OK 96, 154 P.3d 1240, the Court held.

Instructions are explanations of the law of a case enabling a jury to better understand its duty and to arrive at a correct conclusion. It is the trial court's duty to instruct on the fundamental issues of a case. Failure to do so is grounds for a new trial. In giving instructions, the trial court is not required to frame the issues, but it must state the law correctly. Fundamental error occurs when the trial court does not accurately instruct the jury on the law. The test of reversible error in giving jury instructions is whether the jury was misled to the extent of rendering a different verdict than it would have rendered had the errors not occurred.

*Taliaferro v. Shahsavari,* 2006 OK 96, ¶ 25, 154 P.3d 1240.

¶ 13 In the present matter, the trial court properly instructed the jury as to Oklahoma law. The verdict form was neither defective on its face nor was it so confusing or misleading that it prevented the jury from rendering a verdict consistent with the instructions and the evidence.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

¶ 14 CONCUR: TAYLOR, C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS, JJ.

¶ 15 DISSENT: COLBERT, V.C.J., WATT, REIF, JJ.

¶ 16 RECUSED: GURICH, J.