2012 OK CIV APP 43

**STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellant,**

v.

**Kenneth W. SHERRILL and Linda Sherrill, Defendants/Appellees.**

**No. 107,870.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 3, 2012.

Certiorari Denied April 23, 2012.

Belva Brooks Barber, Barber & Barber, Poteau, Oklahoma, for Appellant.

Mark Edwards, The Edwards Law Firm, McAlester, Oklahoma, for Appellees.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Plaintiff/Appellant State of Oklahoma, ex rel. Department of Transportation appeals the granting of a judgment on a jury verdict for Defendants/Appellees Kenneth W. Sherrill and Linda Sherrill (Landowners) in DOT's condemnation action. In this appeal, DOT asserts the trial court erred in denying its motion for mistrial because (1) the jury verdict was substantively flawed and (2) the trial court erred in allowing Landowners to testify concerning the values of non-comparable land.

¶ 2 DOT sought to condemn about five (5) acres of a thirty-two (32) acre tract owned by Landowners for construction of an interchange on Highway 69 about two miles north of McAlester in the town of Krebs. At a jury trial, the parties presented the testimony of three witnesses on the issue of value.

¶ 3 Landowners offered the testimony of Lynn Schmook. He testified that there are two methods of condemnation valuation, one under state law and one under federal law. Schmook said that under state law, appraisers look to recent sales of comparably sized tracts in the vicinity to determine value of the condemned property, while under federal law, appraisers look to sales of larger tracts and extrapolate to determine the value of the smaller condemned property. Schmook testified that he initially applied the state method, but later learned he should have used the federal method, and, without reinspection of the land, calculated the value accordingly. Schmook opined that just compensation for the condemned tract amounted to $56,200.00.

¶ 4 The jury also heard the testimony of Landowner, Mr. Sherrill. Over the objections of DOT, Mr. Sherrill testified concerning the value of other pieces of property which he had sold for construction of a high-

way. Mr. Sherrill admitted that the other parcels he had sold were dissimilar in size and/or state of improvement, and were not in the same vicinity as the subject tract. Mr. Sherrill testified he had sold an improved tract for $550,000.00, a tract of slightly less than an acre for $70,000.00, an improved two acre tract for $250,000.00, a ten acre tract for $60,000.00 per acre, a corner lot adjacent to the highway for $100,000.00, and the subsequent sale of one of properties for $40,000.00 per acre.

¶ 5 DOT presented the testimony of Rick Ellis. He testified that condemnation appraisal is a specialized field, and estimated there were only 15 to 25 qualified condemnation appraisers in the state. Ellis asserted that use of the federal methodology was inappropriate, given the small size of the condemned parcel. Ellis opined that just compensation for the condemned tract amounted to $5,700.00.

¶ 6 The parties made closing arguments. The trial court then instructed the jury, *inter alia,* that the jury should return a verdict of a single sum for all actual and consequential damage sustained by the Landowners:

> You are instructed that your award in this case shall be for a single sum of money. Do not award separate sums of money for each portion of property taken or each item of damage that [Landowners] suffered on account of the taking.

OUJI 25.7

Jury Instruction 13.

¶ 7 Upon deliberation, the jury returned its verdict for Landowners:

> We, the jury, duly empaneled and sworn in this matter now on trial do hereby find in favor of [Landowners] and assess compensation owing [Landowners] in the total sum of *$7,000 per acre.*

Upon receipt of the verdict, the trial court discharged the jury, and the jurors left the courtroom.

¶ 8 DOT then moved for mistrial, and argued the verdict for damages "per acre" was in improper form and was contrary to Instruction 13 directing the jury to return a single sum of damages. The trial court de-

nied the motion, and, over DOT's objection, granted judgment on the jury's verdict for $39,340.00, i.e., 5.62 acres × $7,000.00 per acre.[1] DOT appeals.

¶ 9 In its first proposition, DOT again asserts the jury verdict for damages "per acre" renders the verdict defective in both form and substance, particularly considering Instruction 13 directing the return of a verdict for a single sum encompassing all of Landowners' damages.

■ ¶ 10 As a general proposition, "[a] trial court may amend a verdict in matters of form but not of substance." 75B Am.Jur.2d Trial § 1612 (West 2011). "A change of substance is a change affecting the jury's underlying decision, but a change in form is one which merely corrects a technical error made by the jury." *Id.*

■ ¶ 11 Section 586 of title 12 O.S., grants the trial court authority to correct a verdict "defective in form only, ..., with the assent of the jury, before they are discharged." However, "the court [also] has inherent power to correct a manifestly irregular or defective verdict to conform to the jury's intention, if the intention can be ascertained with certainty." *Gaither By and Through Chalfin v. City of Tulsa,* 1983 OK 61, ¶ 12, 664 P.2d 1026, 1032.

■■ ¶ 12 Furthermore, "[w]here a party fails to object to the form of the verdict before the jury is discharged, such failure constitutes a waiver of his objections." *Downum v. Muskogee Stockyards & Livestock Auction, Inc.,* 1977 OK 111, ¶ 5, 565 P.2d 368, 369; *Gaines Bros. Co. v. Phillips,* 1944 OK 254, ¶ 0(2), 194 Okla. 374, 151 P.2d 933. So, objections to the form of a verdict first raised on motion for new trial or appeal come too late. *Capshaw v. Gulf Ins. Co.,* 2005 OK 5, ¶ 13, 107 P.3d 595, 602–603; *Park v. Security Bank & Trust Co.,* 1973 OK 72, ¶ 24, 512 P.2d 113, 118. In such a case, we review the verdict form for fundamental error only, and "fundamental error will not be found unless a verdict form compromises the integrity of the proceeding to such a degree that the error has a substantial effect on the rights of one

---

1. Landowners filed a post-judgment motion to assess attorney's fees, appraiser's fees and inter-  est, which the parties settled by stipulation reserving DOT's right to appeal.

or more of the parties," i.e., where our "examination of the entire record discloses a miscarriage of justice has probably resulted therefrom, or there was a violation of constitutional rights." *Quarles v. Panchal*, 2011 OK 13, ¶ 7, 250 P.3d 320, 322. (Citations omitted.)

■ ¶ 13 In the present case, DOT interposed no objection to the form of the verdict until after the trial court discharged the jury and the jurors left the courtroom. Under this circumstance, DOT is deemed to have waived any objection to the form of the verdict.

■ ¶ 14 We consequently review only for fundamental error, of which we discern none. The trial court's single-sum Instruction No. 13 to the jury is taken verbatim from the Oklahoma Jury Instructions—Civil, Instruction No. 25–7. The general verdict, accepted without objection by DOT until after discharge of the jury, is regarded as encompassing all the damages—in this case, both actual and consequential—to which the jury determined Landowners entitled. *See, e.g., Gaines Bros. Co. v. Phillips*, 1944 OK 254, ¶ 10, 194 Okla. 374, 151 P.2d 933, 935; *Schuman v. Chatman*, 1938 OK 605, ¶ 0(2), 184 Okla. 224, 86 P.2d 615. Upon return of the verdict as rendered, the trial court permissibly and properly calculated the total damages by multiplying the jury's verdict of $7,000.00 per acre times 5.62 acres to arrive at the judgment amount, and the fact that the trial court was compelled to calculate the total amount of damages does not render the verdict form void or voidable. *See, Smith v. Gizzi*, 1977 OK 91, ¶ 13, 564 P.2d 1009, 1013. No fatal fundamental flaw appears on the face of the verdict form. We reject this proposition.

■ ¶ 15 In its second proposition, DOT challenges the trial court's decision to permit Mr. Sherrill to testify concerning his sales of other land in the vicinity. Particularly, DOT asserts the trial court abused its discretion in permitting Mr. Sherrill to testify concerning the price he received in the sales of his other parcels which were not sufficiently similar to the subject tract in size, location or state of improvement.

■ ¶ 16 Ordinarily, "a trial court has discretion in deciding whether proffered evidence is relevant and, if so, whether it should be admitted, and a judgment will not be reversed based on a trial judge's ruling to admit or exclude evidence absent a clear abuse of discretion." *Myers v. Missouri Pacific R. Co.*, 2002 OK 60, ¶ 36, 52 P.3d 1014, 1033. Likewise, "[t]he range of inquiry into the value of property taken or damaged in eminent domain proceedings is left largely to the discretion of the trial court, and unless that discretion is abused the trial court's ruling admitting or excluding such evidence will not be disturbed." *State ex rel. Dept. of Transp. v. Little*, 2004 OK 74, ¶ 11, 100 P.3d 707, 711–712. (Footnote omitted.) Furthermore:

An owner is competent to testify as to his opinion as to the value of his property which has been damaged, but his opinion is not conclusive. It is, as any other fact issue, subject to the jury's determination. They may consider it together with all other circumstances and facts in the case.

*State ex rel. Dept. of Transp. v. S & S Prop.*, 1999 OK CIV APP 130, ¶ 31, 994 P.2d 75, 82.

¶ 17 At trial, Mr. Sherrill testified concerning the sales prices of various parcels of his property in the area. The jury was free to accord his testimony such weight as it determined his testimony was entitled. *See, e.g., Oklahoma Turnpike Authority v. Foster*, 1965 OK 4, ¶ 6, 398 P.2d 503, 505–506. Given the jury's verdict in the range between Landowner's appraisal ($56,200.00, or about $10,000.00 per acre by our calculation) and DOT's expert ($5,700.00, or about $1,000.00 per acre), it seems reasonably clear the jury did not accord significant weight to Mr. Sherrill's testimony of other sales at a price between $6,000.00 and $125,000.00 per acre. We think this conclusion is especially supported by our previous observation concerning the reach of the general verdict, because if the verdict is deemed to include an award for consequential damage to the remaining tract, the jury's per-acre valuation of the subject tract falls below the value of other property to which Mr. Sherrill testified, and more in line with the testimony of the DOT appraiser. The trial court did not abuse its discretion in admitting the testimony of Mr. Sherrill.

¶ 18 We consequently hold neither the trial court nor the jury erred as alleged. The order of the trial court is AFFIRMED.

BUETTNER, P.J., and BELL, J. (sitting by designation), concur.