No. 19-0200     *Roof Service of Bridgeport, Inc. v. Robert Joseph Trent and Charlotte Trent*

**FILED**

**December 21, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Armstead, Chief Justice, concurring, in part, and dissenting, in part, joined by Justice Jenkins:

I concur with much of the majority opinion.  I dissent, however, because I believe that the verdict form was inconsistent with the circuit court's independent contractor instructions and failed to reflect the law and the evidence regarding whether Mr. Wilfong was acting as an independent contractor at the time of the accident.  I believe that, with respect to this aspect of the verdict form, the circuit court abused its discretion and committed plain error.

"Rule 49 of the West Virginia Rules of Civil Procedure governs the submission of special verdict forms to a jury in a civil case." *Adkins v. Foster*, 195 W. Va. 566, 572, 466 S.E.2d 417, 423 (1995) (per curiam).  It provides that a "court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict."  W. Va. R. Civ. P. 49(b) [1998].   As Rule 49(b) suggests, circuit courts have "considerable discretion" in deciding whether to submit interrogatories to juries and how they frame such interrogatories.  Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 49(b)[2]*[a]-[b]*, at 1170-71; *accord Adkins*, 195 W. Va. at 572, 466 S.E.2d at 423.  Nevertheless, when a circuit court decides to issue written interrogatories to the jury, it has an express obligation to provide necessary guidance.

According to Rule 49(b), "[t]he court *shall give* such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict. . . ." (emphasis added).

When a petitioner challenges a verdict form on appeal, we consider the combined effect of the verdict form and the circuit court's instructions to determine whether the circuit court complied with Rule 49(b). As the majority observes, "the criterion for determining whether [a circuit court's] discretion is abused is whether *the verdict form, together with any instruction relating to it*, allows the jury to render a verdict on the issues framed consistent with the law, with the evidence, and with the jury's own convictions." *Adkins*, 195 W.Va. at 572, 466 S.E.2d at 423 (emphasis added). Because of this standard, not every issue raised in the instructions must be addressed a second time on the verdict form. *See Perrine v. E.I. du Pont de Nemours & Co.*, 225 W. Va. 482, 539–40, 694 S.E.2d 815, 872–73 (2010); *Carper v. Kanawha Banking & Tr. Co.*, 157 W. Va. 477, 513, 207 S.E.2d 897, 919 (1974). However, the circuit court has an obligation to equip the jury to render a verdict. Written interrogatories are a tool for *clarifying* the issues, not obfuscation. *Carper*, 157 W. Va. at 513, 207 S.E.2d at 919 ("In any case, not required by statute, interrogatories should be used cautiously and only to clarify rather than to obfuscate the issues involved."). When the circuit court's instructions and the verdict form, taken together, fail to equip the jury to render a verdict on the issues, as framed for them by the law and the evidence, the circuit court abuses its discretion and fails to comply with Rule 49(b). *See, e.g.*, *Lively v. Rufus*, 207 W. Va. 436, 445, 533 S.E.2d 662, 671 (2000) ("[W]e

2

conclude that the circuit court abused its discretion in submitting to the jury an interrogatory that was inconsistent with and contradictory to the law and the jury instructions, and otherwise obtuse.").

In this case, Roof Service endeavored to show that Mr. Wilfong was acting as an independent contractor at the time of the accident, and Mr. Trent attempted to show that Mr. Wilfong was acting as Roof Service's employee. Because of this dispute, the circuit court provided a number of instructions regarding employees, independent contractors, and agents. However, the verdict form asked only *one question* relating to Roof Service's responsibility for Mr. Wilfong's negligent acts: "Do you find by a preponderance of the evidence that Bruce A. Wilfong was acting as an employee of Defendant, Roof Service of Bridgeport, Inc., within his scope of employment at the time of the accident in question?" In my view, this question—which ignored Mr. Wilfong's alleged status as an independent contractor—was inconsistent with the circuit court's extended discussion of the differences between employees, independent contractors, and agents. Indeed, I believe that it was wholly inadequate as a means of framing the independent contractor issue for the jury.

This inadequacy stems from the circuit court's related instructions. Though the instructions informed the jury about what it means to be an employee, an independent contractor, or an agent, neither the instructions nor the verdict sheet ever stated a crucial piece of information the jury needed to know in order to render a verdict on Roof Service's alleged liability to Mr. Trent: the fact that if Mr. Wilfong *was* an independent contractor

3

at the time of the accident, then he was *neither an employee nor an agent* of Roof Service.[1]

Without that information, clearly communicated, the jury lacked proper context to state whether Mr. Wilfong was an employee of Roof Service and acting in the scope of his employment. Because of this, the jury's response to the circuit court's single interrogatory cannot be viewed as a response to the threshold question whether Mr. Wilfong was acting as an independent contractor when he struck Mr. Trent with his vehicle. Indeed, this Court has no way of knowing whether the jury's response reflected a finding that Mr. Wilfong was not an independent contractor or a misunderstanding about how to render a verdict on this issue.

This oversight could have been easily remedied with a proper interrogatory regarding Mr. Wilfong's alleged status as an independent contractor. Such an interrogatory was plainly lawful, because it had the potential to exempt Roof Service from liability. Interrogatories "must be of such a character that the answers thereto, if contrary to the general verdict, would control the same and be conclusive of the issue." Syl. Pt. 30, *Kerr v. Lunsford*, 31 W. Va. 659, 8 S.E. 493 (1888).[2] Moreover, because the circuit court's

---

[1] I agree that a knowledgeable person might infer this principle from the circuit court's instructions, and I assume that this explains the majority's conclusion that the circuit court gave "a complete and accurate instruction on the question of the independent contractor defense[.]" However, most jurors are not employment lawyers, much less appellate court justices with experience deciding employment law cases. Rule 49(b) imposes a higher burden of clarity on the circuit court—instructions and explanations that "*enable the jury* both to make answers to the interrogatories and . . . render a general verdict[.]" W. Va. R. Civ. P. 49(b) (emphasis added).

[2] *Kerr* was construing

4

instructions arguably equipped the jury to determine *whether* Mr. Wilfong was an independent contractor at the time of the accident, all that remained was to provide the jury with a means of expressing its conclusion and to provide guidance for how this conclusion would affect the verdict. If the court had coupled its instructions with a proper interrogatory—like the interrogatory proposed by Roof Service[3]—the circuit court would have "allow[ed] the jury to render a verdict on the issues framed consistent with the law,

> Section 5 of chapter 131 of the Code[, which] provide[d] that, "upon the trial of any issue or issues to a jury, whether under this section or not, the court may, on motion of any party, direct the jury, in addition to rendering a general verdict, to render separate verdicts upon any one or more of the issues, or to find in writing upon particular questions of fact, to be stated in writing. . . . *Where any such* separate verdict or *special finding shall be inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly.*"

*Id*. 31 W. Va. 659 , 8 S.E. at 506 (emphasis added). *Kerr*'s reasoning, which emphasized the language in italics, *id*. 31 W. Va. 659, 8 S.E. at 507, remains valid in light of Rule 49(b)'s command that

> [w]hen the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial.

[3] Roof Service proposed the following threshold interrogatory: "Do you find by a preponderance of the evidence that Bruce Wilfong was working as an independent contractor, and not as an employee of . . . Roof Service of Bridgeport, Inc.[,] at the time of the June 9, 2015, accident that is the subject of this case?" After this interrogatory, Roof Service proposed to instruct the jury, "If your answer to Question 1 is YES, please do not answer any further questions. Please have the Foreperson sign and date this Verdict Form and advise the Bailiff that you have reached a Verdict. If your answer to Question 1 is NO, please proceed to Question 2." (Emphasis removed.)

with the evidence, and with the jury's own convictions." *Adkins*, 195 W.Va. at 572, 466 S.E.2d at 423.

In this case, however, Roof Service failed to object to the verdict form before it was submitted to the jury and before the jury was discharged. Generally, a party's failure to raise a timely objection forecloses appellate review. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999) ("A party who fails to raise an objection to a verdict form interrogatory or jury instruction prior to jury deliberations waives its right to raise the issue on appeal. . . . We have recognized only two exceptions to this rule: first, where a party has made its position clear to the court previously and further objection would be futile; and second, where it is necessary to correct a fundamental error or prevent a miscarriage of justice. This second exception is known as plain error review." (citations and quotation marks omitted)); *Play Time, Inc. v. LDDS Metromedia Comm., Inc.*, 123 F.3d 23, 29–30 (1st Cir. 1997) ("WorldCom interposed no record objection to the special verdict form . . . . Consequently, appellate review is limited to determining whether a miscarriage of justice would occur were the asserted error not corrected."); *Johnson v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 180 F. Supp. 2d 1192, 1202 (D. Kan. 2001), *aff'd*, 371 F.3d 723 (10th Cir. 2004) ("[G]iven that plaintiffs did not object to the verdict form for the reasons they now assert, the court reviews the verdict form only for 'plain error.' "); *Morgan v. Oklahoma Nat. Gas Co.*, 1977 OK 49, 561 P.2d 1363, 1365 ("[P]laintiff objected to neither the instructions nor the form of the verdict. It is well recognized that where a party fails to object to the form of the verdict at the time the verdict

6

is returned and before the jury is discharged, such failure constitutes a waiver of objections. . . . An error in verdict form does not require reversal unless a miscarriage of justice has probably resulted therefrom."); 89 C.J.S. Trial § 1094 ("Generally, a failure to object to a verdict form in time waives the objection, at least where the use of the form does not involve fundamental or constitutional error." (footnote omitted)); *see also* W. Va. R. Civ. P. 51 [1998] ("No party may assign as error the giving or the refusal to give an instruction unless the party objects thereto before the arguments to the jury are begun . . . ; but the court or any appellate court, may, in the interest of justice, notice plain error in the giving or refusal to give an instruction, whether or not it has been made the subject of objection.").

However, as the foregoing authorities indicate, this Court has authority to review the verdict form for plain error.[4] "Plain error is error that is plain, that affects

---

[4] We have held that "[w]hen a right is waived, it is not reviewable even for plain error. By contrast, the simple failure to assert a right by not objecting—forfeiture—is distinct from an intentional relinquishment—waiver. Only a forfeiture is reviewable under plain error." *State v. Crabtree*, 198 W. Va. 620, 631, 482 S.E.2d 605, 616 (1996). Whether a failure to object is a "waiver" (in the *Crabtree* sense) or a "forfeiture" depends on the facts, and in most cases, what *Farley* or *Morgan* refer to as a "waiver" is really a "forfeiture" for purposes of *Crabtree*. In this case, when the circuit court asked, "Anybody—have you both looked over the verdict form as amended? Is everybody in agreement with the verdict form?" Roof Service's attorney replied, "Yes." However, counsel's response is less enlightening than it might seem, because the circuit court posed two questions: (a) whether counsel had reviewed the form and (b) whether counsel agreed with it. There is no reason to assume that counsel was answering one question or the other. Moreover, Roof Service objected to the verdict form in a motion for judgment as a matter of law or, in the alternative, for a new trial, pursuant to W. Va. R. Civ. P. 59(a) and (e) [1998], after the circuit court entered judgment in this matter. Under the circumstances, I am inclined to view Roof Service's response to the circuit court's questions as a "simple failure to assert a right by not objecting—forfeiture—[as] distinct from an intentional relinquishment—waiver." *Crabtree* at 631, 482 S.E.2d at 616.

substantial rights, and that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *State v. Jeremy S.*, ___ W. Va. ___, ___, 847 S.E.2d 125, 132 (2020).

In my view, the circuit court's failure to issue an interrogatory regarding Mr. Wilfong's alleged independent contractor status was plain error. This is a case where Mr. Trent sought to hold a corporation, Roof Service, responsible for the alleged negligence of one of its employees. Uncontroverted evidence showed that Mr. Wilfong was driving his personal vehicle at the time of the accident, and Roof Service presented substantial evidence to suggest that Mr. Wilfong was acting for himself as an independent contractor. Under these circumstances, it was plainly not enough for the circuit court to instruct the jury about the differences between independent contractors and employees. The jury needed a concrete and straightforward means of rendering a verdict on what, for Roof Service, was perhaps the dispositive issue in the case. Despite this need, the circuit court posed just one question to the jury—a question that only addressed Mr. Wilfong's alleged status as an employee. For the reasons stated above, and because I believe that the circuit court's verdict form effectively deprived Roof Service of its ability to fully pursue its position that Mr. Wilfong was an independent contractor, I dissent. I have been authorized to state that Justice Jenkins joins me in dissenting from the majority opinion.